[Civ. No. 2231. Third Appellate District.—January 27, 1921.]

LEE ARNETT, Appellant, v. IRA NALL et al., Respondents.

[1] APPEAL—OBNOXIOUS RULING—REJECTION OF EVIDENCE—INJURY—
BURDEN OF PROOF.—Unless the facts themselves are such that in-
jury follows as a necessary result, the aggrieved party must show
affirmatively on appeal that the obnoxious ruling has injured him;
and the appellate court cannot say whether or not the appellant
suffered injury by reason of the action of the trial court in ex-
cluding certain offered evidence, where the nature of the evidence
cannot be determined from the record on appeal.

APPEAL from a judgment of the Superior Court of Sut-
ter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Waldo S. Johnson and W. E. Davies for Appellant.

W. H. Carlin for Respondents.

PREWETT, P. J., *pro tem.*—After trial in the court
below, findings and judgment against the plaintiff were made
and filed. The plaintiff, at the opening of his case, offered
to read his own deposition taken in another state. Upon
objection that the commission issued upon insufficient notice,
that the commissioner did not purport to be acting under
the commission, and that the interrogatories that accom-
panied the commission had not been settled by the court,
the court excluded the deposition. This is assigned as error.
The plaintiff thereupon moved, without any showing, that
the court grant a continuance. This motion was denied.
It is claimed that this was an abuse of discretion. The
plaintiff then rested his case without introducing any evi-
dence. After judgment the plaintiff moved on affidavit that
the court grant him a new trial. The plaintiff himself filed
no affidavit on this motion. The only ground urged in sup-
port of the motion was that of surprise at the ruling of the
court in excluding the deposition and denying a continuance.
The motion for a new trial was denied and plaintiff appeals.

Some of the objections to the deposition appear to be grave, yet it is perhaps unnecessary for the court to determine whether or not they are fatal, since the judgment must be affirmed for other reasons. [1] Conceding that the objections were not well founded and that the deposition should have been admitted, it becomes necessary to inquire whether or not injury was done to the plaintiff. Under the wise constitutional and other provisions that have been injected into our jurisprudence within the last few years, injury is no longer presumed. Unless the facts themselves are such that injury follows as a necessary result,[c] the aggrieved party must show affirmatively that the obnoxious ruling has injured him. In this case there is no attempt at such a showing. The court excluded certain offered evidence. The plaintiff may or may not have been injured thereby. We do not know what this evidence was nor is there any method whereby we can conjecture it. The plaintiff did not care to be present in person at the trial. This we know from the fact that he attempted to send his deposition. The point often arising that a litigant desired to be present to oversee his own case or defense does not arise in this case. The matter stands before us in all respects as though the deponent had no interest in the case. In other words, it is a mere case of alleged error in the exclusion of evidence.

From no point of view can it be insisted that any injury has been affirmatively shown. On the contrary, it seems that the plaintiff suffered no injury. The promissory note was present in court. The attorney for the plaintiff knew of a positive fact that there was a good consideration for the note and that the assignment was made for a valuable consideration and without notice. This is fully shown by his affidavit on motion for a new trial. He could have testified to these matters on the trial of the action. He chose not to do so.

If we may conjecture that the deposition dealt with the same matters, then the deposition would have done no more than corroborate the attorney. It should be noted that the affidavit on motion for a new trial in no place sets out the contents of the deposition, though there is a general recital that the attorney relied upon it to prove the facts stated in the complaint. The defense is fraud and failure of consideration, breach of warranty and assignment

with notice. It is somewhat significant that this plaintiff, in the face of this defense and especially of the assignment to him with notice, should have chosen, though only a few hours' distant from the place of trial, to absent himself from the trial. That he was not ill or necessarily detained is shown by the offer of his counsel to produce him in court at a later date if a continuance was granted. It is clear that no injury is affirmatively shown.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on March 28, 1921.

All the Justices concurred.