[No. B222278. Second Dist., Div. Eight. Feb. 3, 2011.]

TINA FREEMAN, Plaintiff and Respondent, v.
SHARI SULLIVANT, Defendant and Appellant.

**Counsel**

Diamond & Associates and David D. Diamond for Defendant and Appellant.

Greg Lester for Plaintiff and Respondent.

**Opinion**

**GRIMES, J.—**

## SUMMARY

Tina Freeman sought a civil harassment restraining order against Shari Sullivant, claiming that her lifelong friend had burglarized her home and made threats against Freeman, her mother, and her daughter. A temporary restraining order (TRO) was issued, and at the hearing on the petition, Sullivant's appearance attorney sought a continuance, arguing that Sullivant's retained counsel was otherwise engaged. The trial court denied the continuance, finding no "good cause" and, after giving the appearance attorney a short time to prepare, held the hearing. Finding clear and convincing evidence in support of the requested order, the court issued a permanent restraining order. Some weeks later, first by ex parte application and then by noticed motion, Sullivant's counsel sought to set aside the judgment, arguing that the requested continuance was statutorily guaranteed and not subject to the "good cause" standard used by the trial court. Those motions were denied. This timely appeal followed.

## FACTS

Freeman and Sullivant were lifelong friends and neighbors, and their young daughters were also friends. When Freeman noticed that her money

was missing, she purchased a camera from a spy shop and set it up in her bedroom to catch the thief. When she reviewed the recording, Freeman discovered that Sullivant had taken $100 from her purse. Freeman confronted Sullivant, but did not immediately involve the authorities. Sullivant became upset, and her husband secretly recorded her threatening to burn Freeman's house down and plotting to accuse Freeman's six-year-old daughter of sexually abusing Sullivant's four-year-old daughter. Sullivant's husband shared these tapes with Freeman, and she called the sheriff's department to make a report. Sullivant was arrested for burglary on October 31, 2009. This petition for a restraining order was filed several days later, and a TRO was obtained on an ex parte basis while Sullivant was still in custody.

The hearing on the petition was held on November 20, 2009, and both Freeman and Sullivant were present and represented by counsel. Sullivant retained counsel, who sent an appearance attorney to request a continuance of the hearing. The appearance attorney was not in possession of the file and not familiar with the facts of the case. The appearance lawyer did not argue the continuance was mandatory or statutorily guaranteed. The trial court denied the request for a continuance, finding no good cause. Counsel was permitted to review the court's file, to meet with Sullivant to discuss the case, and to call counsel of record. At the ensuing hearing, both Freeman and Sullivant testified and were cross-examined. The court found clear and convincing evidence that Sullivant "entered the home of her neighbor and friend and stole money from her. And further, . . . after that, she apparently became irate that she had been caught, and for whatever reason began to make threats to harm the petitioner, her home, and her family. The court feels that those are credible threats." A permanent restraining order was issued.

On December 30, 2009, Sullivant made an ex parte application to vacate the judgment, seeking to have the order set aside because of the court's failure to permit a "mandatory" continuance. The application was denied by the trial court, with leave granted to seek the same relief by noticed motion. That motion was also denied, after the trial court concluded that the authority relied upon by Sullivant was inapposite, and that no right to a mandatory continuance existed under the law pertaining to civil harassment restraining orders. Sullivant filed a timely notice of appeal from the judgment.

On appeal, Sullivant contends the trial court lacked discretion to deny her request for a continuance of the petition hearing. Therefore, Sullivant "asks that this court order the trial [j]udge to grant a continuance and set a new date for a new evidentiary restraining order hearing."

## DISCUSSION

■ Trial courts generally have broad discretion in deciding whether to grant a request for a continuance. (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395 [16 Cal.Rptr.3d 638].) However, some statutes make continuances mandatory and, therefore, divest the trial court of its usually broad discretion. (See, e.g., Fam. Code, § 243, subd. (e).)[1] Nevertheless, an abuse of discretion results in reversible error only when the denial of a continuance results in the denial of a fair hearing, or otherwise prejudices a party. (*In re Marriage of Johnson* (1982) 134 Cal.App.3d 148, 155 [184 Cal.Rptr. 444] [denial of request for continuance, even if in error, is only reversible if it resulted in a miscarriage of justice].) ■ Sullivant's appeal erroneously assumes that (1) she had a right to a mandatory continuance under Code of Civil Procedure section 527.6; and (2) the claimed mandatory right to a continuance, alone, is sufficient to warrant reversal of the judgment. We find that, absent a showing of any prejudice, this appeal is deficient. Moreover, there is no mandatory right to a continuance under section 527.6. We therefore affirm.

### 1. *Sufficiency of the Appeal.*

Sullivant's notice of appeal is directed to the "[j]udgment after court trial." Although the notice appeals the judgment entered by the trial court, the relief sought by Sullivant's brief is an order directing the trial court to grant her request for a continuance. A ruling on a motion for a continuance is not an appealable order. (See Code Civ. Proc., § 904.1; *Cooper v. Deon* (1943) 58 Cal.App.2d 789 [137 P.2d 733].) However, the failure to grant the requested continuance is reviewable on appeal from the judgment. (*Cooper*, at p. 789.)

A judgment is reversible only if any error or irregularity in the underlying proceeding was prejudicial. (Cal. Const., art. VI, § 13;[2] Code Civ. Proc., § 475.[3]) Therefore, any error in failing to grant a request for a continuance—

---

[1] For example, this section, addressed to ex parte temporary restraining orders under the Family Code, provides that "[i]f service is made under subdivision (b), the respondent is entitled, as of course, to one continuance for a reasonable period, to respond to the application for the order." (Fam. Code, § 243, subd. (e).)

[2] "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.)

[3] "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear

whether mandatory or discretionary—is reversible only if it is tantamount to the denial of a fair hearing. (See *Cohen v. Herbert* (1960) 186 Cal.App.2d 488, 493–494 [8 Cal.Rptr. 922] [discretionary continuance]; *Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 865 [43 Cal.Rptr.3d 289] [mandatory continuance].) There is no presumption of prejudice. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) Instead, the burden to demonstrate prejudice is on the appellant. (*Arnett v. Nall* (1921) 51 Cal.App. 194, 195 [196 P. 291].)

As Freeman aptly points out, Sullivant has not attempted to show she was prejudiced by the denial of a continuance. No argument has been made that Sullivant was denied a fair hearing or was otherwise prejudiced. Therefore, Sullivant has not met her burden on appeal, and any argument that the failure to grant the requested continuance constituted reversible error is deemed waived. (See *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522 [85 Cal.Rptr.2d 376].) In any event, we see nothing in the record to suggest Sullivant was denied a fair hearing. She was represented by counsel, who was permitted to review the case file, to adduce evidence, and to cross-examine Freeman. Absent a showing of any prejudice, this appeal is deficient. We therefore affirm on this basis.

2. *Section 527.6 Does Not Create a Mandatory Right to a Continuance.*

■ Additionally, there is no legal basis for reversal of the judgment. Civil harassment restraining orders are governed by Code of Civil Procedure section 527.6. Nothing in this section mentions a *right* to a continuance.[4] Sullivant contends that both Family Code section 243, subdivision (e), and Code of Civil Procedure section 527, subdivision (d)(4)—which govern family law restraining orders and general civil TRO's and preliminary injunctions, respectively—specifically provide for continuances as a matter of right. Sullivant insists that a contrary "good cause" continuance rule for civil *harassment* restraining orders issued pursuant to Code of Civil Procedure section 527.6 is inconsistent with these sections.[5] Sullivant is correct that a

from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown." (Code Civ. Proc., § 475.)

[4] Instead, the statute provides that: "Within 15 days, or, if good cause appears to the court, 22 days from the date the temporary restraining order is issued, a hearing shall be held on the petition for the injunction." (Code Civ. Proc., § 527.6, subd. (d).)

[5] In support of this proposition, Sullivant also cites to court-provided self-help material that states, "The defendant has the right to one continuance without a reason," and also to a Rutter Group publication, which states, "Where the TRO was issued *without prior notice* to defendant, defendant is *entitled* to one continuance" (Weil & Brown, Cal. Practice Guide: Civil

respondent in family court or a defendant in a general civil action is entitled to a continuance as a matter of right under certain circumstances. However, a respondent in civil harassment proceedings is afforded no such right by section 527.6. ▮ Where a statute is clear and unambiguous, a court will give effect to its plain meaning. (*S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 379 [46 Cal.Rptr.3d 380, 138 P.3d 713].) "Courts may not add to or detract from a statute or insert or delete words to accomplish a purpose that does not appear on its face or from its legislative history." (*Organization of Deputy Sheriffs v. County of San Mateo* (1975) 48 Cal.App.3d 331, 340 [122 Cal.Rptr. 210].) The right to a mandatory continuance is noticeably absent from section 527.6, and if the Legislature had intended to create such a right, it easily could have done so in this later enacted statute.

▮ Sullivant also contends that Code of Civil Procedure section 527's mandatory continuance requirement was incorporated into section 527.6.[6] Again, we disagree. Section 527.6 incorporates only section 527's *procedure for obtaining a temporary restraining order*. (Code Civ. Proc., § 527.6, subd. (c).) It does not incorporate section 527's procedures for the hearing on the petition. Also, section 527.6 has relaxed standards for obtaining a TRO without notice, compared to the heightened standards under section 527. Clearly, the Legislature contemplated a different procedure for civil harassment proceedings pursuant to section 527.6.

Lastly, Sullivant's cited authority, *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770 [27 Cal.Rptr.2d 32], is inapposite, as it deals with a claim for attorney

---

Procedure Before Trial (The Rutter Group 2010) ¶ 9:625, p. 9(II)-32 (rev. # 1, 2010)). The Rutter guide discussion of *civil harassment* restraining orders makes no such statement, and provides no guidance whatsoever regarding continuances. (See *id.*, ¶ 9:697 et seq., p. 9(II)-45 et seq. (rev. # 1, 2010).) Sullivant relies on inapplicable portions of the Rutter guide in the sections addressing general civil preliminary injunction procedures under Code of Civil Procedure section 527. (See Weil & Brown, *supra*, ¶ 9:625, p. 9(II)-32.) The court-provided self-help material on which Sullivant relies was not authenticated by declaration or other means, but her counsel represented it is available for unrepresented litigants in the Long Beach district of the superior court. This case was not tried in Long Beach, and Sullivant does not explain how the material relates to this case, other than to argue it evidences a widely accepted belief there is a mandatory right to a continuance. Such "authority," without citation to a supporting statute or case law, is not binding upon this court. (Cf. *Heller v. Pillsbury Madison & Sutro* (1996) 50 Cal.App.4th 1367, 1393 [58 Cal.Rptr.2d 336] [a treatise is not binding law].)

[6] Section 527.6 provides in pertinent part: "Upon filing a petition for an injunction under this section, the plaintiff may obtain a temporary restraining order in accordance with Section 527, except to the extent this section provides a rule that is inconsistent. A temporary restraining order may be issued with or without notice upon an affidavit that, to the satisfaction of the court, shows reasonable proof of harassment of the plaintiff by the defendant, and that great or irreparable harm would result to the plaintiff . . . . A temporary restraining order issued under this section shall remain in effect, at the court's discretion, for a period not to exceed 15 days, or, if the court extends the time for hearing under subdivision (d), not to exceed 22 days, unless otherwise modified or terminated by the court." (Code Civ. Proc., § 527.6, subd. (c).)

fees under Code of Civil Procedure section 527.6, and whether the court retained jurisdiction to hear a motion for attorney fees after expiration of a TRO and dismissal of the petition. The appellant in *Adler* had obtained a TRO but dismissed her petition before the court held a hearing on the application for an injunction. The appellant argued the court lost jurisdiction to award attorney fees after the TRO expired. No party moved for a continuance in *Adler*, and the court was not asked to, and did not, expressly decide whether the mandatory continuance provisions of section 527 apply to section 527.6. (*Adler*, at pp. 1774–1776.)

Therefore, because we conclude a continuance was discretionary, and Sullivant does not contend the trial court abused its discretion, Sullivant is not entitled to reversal of the judgment. (*In re Marriage of Johnson, supra,* 134 Cal.App.3d at p. 155.)

### 3. *The Appeal Is Not Frivolous.*

Freeman contends that Sullivant's appeal is frivolous, entitling Freeman to attorney fees. Code of Civil Procedure section 907 provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." A civil appeal is frivolous only when it is prosecuted to harass the respondent or delay the effect of an adverse judgment, or when any reasonable attorney would agree that the appeal is totally and completely without merit. However, an appeal that is without merit is not by definition frivolous and should not incur sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 [183 Cal.Rptr. 508, 646 P.2d 179].) Here, there is no reason to believe the appeal was brought for the purpose of delay or harassment; the injunction was not stayed during the pendency of the appeal. And, the failure of the trial court to grant a continuance is a valid legal basis to attack the merits of the judgment. Although Sullivant's brief was deficient, we cannot conclude the appeal was frivolous.

### 4. *Freeman's Request for Judicial Notice Is Denied.*

Freeman has also sought judicial notice of a minute order pronouncing Sullivant's sentence in the criminal case apparently stemming from the underlying dispute. Evidence Code section 452, subdivision (d)(1) permits judicial notice of the records of "any court of this state." (See also *id.*, § 459.) The minute order is for the most part irrelevant to this appeal, as it is outside the record on which the trial court's judgment is based. (See *Kinney v. Overton* (2007) 153 Cal.App.4th 482, 485 [63 Cal.Rptr.3d 136].) However, it does indicate that Sullivant was sentenced to six years in state prison. Not only has Sullivant failed to argue she was prejudiced by the denial of a continuance,

but it seems rather plain she cannot show prejudice since she will be incarcerated until long after the injunction has expired by its terms.

## DISPOSITION

The judgment is affirmed. Respondent is awarded her costs on appeal.

Bigelow, P. J., and Flier, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 13, 2011, S190562.