Filed 9/18/14  Williams v. Alden CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HENRY WILLIAMS,<br><br>     Plaintiff, Cross-defendant and Respondent,<br><br>     v.<br><br>NICK A. ALDEN,<br><br>     Defendant, Cross-complainant and Appellant. | B249589<br><br>(Los Angeles County<br>Super. Ct. No. SC102466) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gerald Rosenberg, Judge.  Affirmed.

Nick A. Alden, in pro. per., for Defendant and Appellant.

Law Offices of Michael A. Lotta and Michael A. Lotta for Plaintiff and Respondent.

* * * * * *

Defendant Nick A. Alden appeals an adverse judgment following a jury trial on plaintiff Henry Williams's legal malpractice claims. Our review is hindered because no court reporter transcribed the pretrial proceedings or trial and, as a result, there is no reporter's transcript in the record. Nor has Alden presented a settled or agreed statement in lieu of a reporter's transcript.[1] (See, e.g., Cal. Rules of Court, rules 8.134, 8.137.) "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (*Ballard*).) Without a reporter's transcript we ""'must conclusively presume that the evidence is ample to sustain the [trial court's] findings.'" [Citation.] Our review is limited to determining whether any error 'appears on the face of the record.'" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325; see 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 668, p. 739 ["The attempt to appeal on a clerk's transcript and then to seek review of evidentiary matters will be unsuccessful."].) We find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Our recitation of the facts is limited to the clerk's transcript Alden has provided in the current appeal. In brief, Alden previously represented Williams in filing a complaint related to the failed purchase of an apartment complex. (*Williams v. Smith* (Super. Ct. L.A. County, 2008, No. BC351258).) As relevant here, the complaint alleged Williams deposited approximately $15,000 in escrow for the purchase and named the escrow company as a nominal defendant on express allegations that it had been named solely to "have all parties before the Court," noting that the escrow company would be dismissed upon proof that the funds held in escrow were delivered to the court. The escrow

---

[1] In his reply brief, Alden argues he did not have time to retain a court reporter because the trial court denied his request to continue trial. While we discuss the merits of the continuance issue *post*, we reject his contention as an excuse for not having a reporter's transcript for the purpose of appeal. At the very least, Alden could have prepared a settled statement, which is permitted when the "designated oral proceedings were not reported or cannot be transcribed." (Cal. Rules of Court, rule 8.137(a)(2)(B).)

company thereafter filed a cross-complaint for interpleader and moved for an order allowing it to deposit the escrow amount with the court. Alden then filed a first amended complaint (FAC) on Williams's behalf naming the escrow company in causes of action seeking damages.

Following a mediation in which Williams allegedly rejected an offer to release the $15,000 held in escrow so long as the parties bore their own fees and costs, the trial court granted the escrow company's motion for judgment on the pleadings and awarded it $56,000 in attorney fees and costs against Williams. Williams's case against the sellers was also apparently dismissed after it was referred to arbitration because, according to Alden, Williams refused to pay the arbitration fees based on advice from "another attorney with whom [Williams] secretly consulted."

In April 2009, represented by new counsel, Williams sued Alden for legal malpractice, alleging essentially that Alden wrongly filed and litigated the FAC against the escrow company, resulting in the $56,000 judgment. The complaint also alleged Alden pursued other litigation tactics that were below the standard of care. Two months later, Alden filed a cross-complaint seeking $40,000 for allegedly unpaid legal services.

The malpractice case was initially tried to the court in May 2010, resulting in a judgment in favor of Williams and against Alden in the amount of $79,076.50. Alden appealed and we reversed, holding the trial court abused its discretion in denying Alden the right to a jury trial. (*Williams v. Alden* (Apr. 5, 2012, B226611) [nonpub. opn.].)

The jury trial began on February 20, 2013, and lasted three days with four witnesses. The jury found in Williams's favor, awarding him $65,234.19 in damages and awarding Alden nothing on his cross-complaint. On March 6, 2013, Alden filed a motion for judgment notwithstanding the verdict and for a new trial, which the trial court denied without comment. The court entered judgment on the verdict. Alden timely appealed.

## DISCUSSION

### 1. *Denial of Continuance*

In May 2012 the trial court set the jury trial to commence on February 19, 2013. On an unidentified date but at least as early as August 2012, Alden "discovered" another

3

case he was handling at the time was also scheduled to go to trial on February 19, 2013 (the second case), and trial in a third case was set to begin a week later (the third case). Alden thereafter embarked on a mission to resolve this calendar conflict.

First, in August 2012, he sought to continue trial in the second case, but the request was denied. In October 2012, the parties stipulated to continue the trial in that case, but the stipulation was rejected.

In December 2012, Alden filed an opposed, ex parte request to continue trial in this case, but the request was denied, although the trial court agreed to trail this case until the completion of the trial in the second case.

In January 2013, Alden sought a continuance in the third case, but that request was denied.

At the February 13, 2013 final status conference in the second case, the court indicated the trial would likely trail some older cases, so it probably would not proceed on February 19, 2013. But the court refused to trail that trial until the trial in this case was completed, ordering the parties to appear for the conflicting trial date of February 19, 2013.

At the February 14, 2013 final status conference in the third case, Alden renewed his request for a continuance, which was again denied, although the court told the parties the trial would not start for another month because of some older cases.

Then, on February 19, 2013—the date set for trial in both the second case and this case—the court in the second case sua sponte continued that trial, leaving Alden free to commence trial in this case.

Having been informed the trial court in this case intended to proceed with trial, Alden reported immediately to the courtroom and told the court he was taken by surprise. Although he became physically available to try this case on the February 19, 2013 trial date, he complained he was not ready and would suffer irreparable harm if he had to proceed. We have no record of the proceedings, but he claims the trial court told him there were three days free on the court's calendar and the court wanted to "fill them up,"

4

which Alden believed was "against everything" the prior department handling this case and the department handling the second case had told him.

The trial court denied a continuance but allowed him to be absent from the day of jury selection to prepare for trial, despite Alden's complaint that "there is a lot of material to cover and it is impossible to do it in one day." In Alden's absence, his associate with no trial experience conducted jury selection, during which, according to Alden, two jurors commented on Alden's absence. Also, according to Alden, his associate did not talk to the jury during the selection process and at a recess the trial judge expressed a desire to tell the associate he should never miss an opportunity to talk to the jury. Alden claims this process forced him to start trial "without an expert" and "totally unprepared."

Continuances are disfavored and may be granted "only on an affirmative showing of good cause," such as a party's "inability to obtain essential testimony, documents, or other material evidence despite diligent efforts," or a "significant, unanticipated change in the status of the case as a result of which the case is not ready for trial." (Cal. Rules of Court, rule 3.1332(c).) In evaluating a request to continue, the trial court "must consider all the facts and circumstances that are relevant to the determination," which may include the proximity of the trial date, whether there have been previous continuances, the length of the continuance, the availability of alternatives to a continuance, the impact of the continuance on other pending trials, whether trial counsel is engaged in another trial, whether the interests of justice are served by a continuance, and any other relevant factor. (Rule 3.1332(d).)

We review the trial court's grant or denial of a continuance for abuse of discretion. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126.) But the lack of an adequate record prevents our review. ""A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . .""" (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 (*Vo*).) Particularly in the absence of a reporter's transcript, "the reviewing court will have no way of knowing . . . what grounds were advanced, what arguments were made and what facts may have been

5

admitted, mutually assumed or judicially noticed at the hearing. In such a case, no abuse of discretion can be found except on the basis of speculation." (*Lemelle v. Superior Court* (1978) 77 Cal.App.3d 148, 156-157.) Here, other than Alden's representations, we have no reporter's transcript or other record of the reasons for the trial court's ruling, and we may reject Alden's contention on that basis alone.

Nonetheless, even if we assume Alden's representation of the facts is accurate, we find no abuse of discretion. Alden argues he could not have been more diligent because he sought continuances in all three cases with conflicting trial dates, and, because the trial court in this case agreed to trail the trial until after the second trial ended, he could not have been prepared to try this case on the February 2013 trial date. Yet, the trial in this case was set in May 2012, giving him months to prepare, and he does not explain why he could not (and did not) prepare for trial earlier than the day of jury selection, even with other trials scheduled on or near that date. Indeed, the trial in this case was short—three days with four witnesses—and Alden had the added benefit of having handled the underlying litigation on behalf of Williams and having already tried the malpractice case once. He acted at his own peril in relying on the trial court's granting of a continuance, which was "disfavored" (Cal. Rules of Court, rule 3.1332(c)), and he has not shown the trial court abused its discretion in rejecting his day-of-trial request.

Alden also failed to demonstrate prejudice from the denial of a continuance. (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527-528 ["[A]ny error in failing to grant a request for a continuance—whether mandatory or discretionary—is reversible only if it is tantamount to the denial of a fair hearing. [Citations.] There is no presumption of prejudice. [Citations.] Instead, the burden to demonstrate prejudice is on the appellant."].) Alden claims the denial of a continuance left him with no time to retain an expert in response to Williams's designated expert, but Williams retained the same expert in the first trial, giving Alden plenty of time to retain an expert following remand if he thought one was necessary. He also claims he was unable to speak with prospective jurors during jury selection because he was elsewhere preparing for trial, but we have no

6

record of the voir dire proceedings and he has pointed to nothing to suggest his absence prejudiced the jury against him in any way.

### 2. *Motion in Limine and Statute of Limitations Defense*

Before the second trial, the court granted a motion by Alden to amend his answer to include a statute of limitations defense based on testimony Williams gave at the first trial. Williams thereafter filed a motion in limine to prevent Alden from calling Williams' current attorney, Michael A. Lotta, as a witness, which Alden planned to do to support his statute of limitations defense. Separately, Alden requested the statute of limitations issue be bifurcated. The trial court denied the request to bifurcate. Alden claims Lotta was also precluded from being called as a witness, although there is no indication of that ruling or the court's reasoning in the appellate record.

Legal malpractice claims are generally subject to a one-year statute of limitations, but that period is tolled during the time "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." (Code Civ. Proc., § 340.6, subd. (a)(2).)[2] In filing his motion in limine, Williams anticipated Alden would call Lotta as a witness to support Alden's theory that Williams had "secretly" hired Lotta in January 2008 while Alden still represented Williams, which effectively severed their relationship and caused the statute of

---

[2] Code of Civil Procedure section 340.6, subdivision (a)(2) states in relevant part: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . . Except for a claim for which the plaintiff is required to establish his or her factual innocence, in no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] . . . [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred."

limitations to expire before Williams filed suit in April 2009.**3** In seeking to exclude Lotta's testimony, Williams argued it was irrelevant because Alden failed to show his representation of Williams actually terminated in January 2008. Williams also believed allowing Lotta to testify risked confusing the jury, wasting time, and unfairly prejudicing Williams under Evidence Code section 352.

According to Williams, the trial court granted the motion in limine. But without a record of that ruling or the court's reasoning, we cannot determine the appropriate standard of review or whether the trial court erred. "Generally, a trial court's ruling on an in limine motion is reviewed for abuse of discretion. [Citation.] However, when the issue is one of law, we exercise de novo review." (*Condon-Johnson & Associates, Inc. v. Sacramento Municipal Utility Dist.* (2007) 149 Cal.App.4th 1384, 1392.) Alden urges de novo review because he claims the issue involves the interpretation of Code of Civil Procedure section 340.6, subdivision (a)(2). But that is not necessarily true. Even if the trial court agreed that Alden had a viable statute of limitations defense, it still could have excluded Lotta's testimony under Evidence Code section 352, which we review for abuse of discretion. (*Donlen v. Ford Motor Co.* (2013) 217 Cal.App.4th 138, 147.) Without an adequate record, we have no way to determine our standard of review and must therefore presume the trial court's decision was correct. Alden has not carried his burden to demonstrate otherwise.

### 3. Motion for New Trial[4]

The trial court may grant a new trial for the following reasons, among others: "[i]rregularity in the proceedings of the court, jury or adverse party, or any order of the

---

**3**    In support of his argument, Alden cited Williams's testimony in the first trial that, as of January 2008, Williams did not trust him. Alden also believed Lotta was writing letters under Williams's name in order to set Alden up for malpractice; Lotta had advised Williams not to accept a settlement offer at the second mediation; and Lotta had advised Williams not to pay arbitration fees.

**4**    Although Alden simultaneously moved for judgment notwithstanding the verdict, he does not challenge the trial court's denial of that motion.

court or abuse of discretion by which either party was prevented from having a fair trial"; "[a]ccident or surprise, which ordinary prudence could not have guarded against"; "[e]xcessive or inadequate damages"; and "[i]nsufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law." (Code Civ. Proc., § 657.) Here, Alden argues he should have been granted a new trial because (1) he was "surprised" by the court's refusal to continue the trial; (2) there was an "irregularity" in the proceedings because Williams's expert lied on the witness stand; (3) insufficient evidence supported the verdict; and (4) the damage award was excessive and not supported by sufficient evidence.

We have already determined the trial court did not abuse its discretion in denying the continuance, so Alden was not entitled to a new trial on that basis. As for his other claims, the absence of a reporter's transcript is fatal. Alden's challenges to the sufficiency of the evidence of liability and damages fail because "an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*).) His argument that Williams's expert lied on the stand also fails because we have no record of the witness's testimony in order to determine whether it constituted an "irregularity" sufficient to justify a new trial.

Further, the record is inadequate to determine whether any error resulted in prejudice. The trial court has wide discretion in ruling on a motion for a new trial and we give that decision great deference on appeal. (*Sherman v. Kinetic Concepts, Inc.* (1998) 67 Cal.App.4th 1152, 1160.) In our review of the denial of a new trial, we must "'review[] the entire record, including the evidence, so as to make an independent determination as to whether the error was prejudicial.'" (*Id.* at pp. 1160-1161; see Code Civ. Proc., § 657.) Without a reporter's transcript or its equivalent, our review for prejudice is impossible and we must reject Alden's contentions. (See *Ballard, supra*, 41 Cal.3d at pp. 574-575 [rejecting new trial motion and additur request because failure to include transcript or settled statement precluded review to determine whether it was "reasonably probable" juror misconduct or instructional error affected damage award].)

9

### *4. Discrepancy Between Verdict and Judgment on Cross-complaint*

Alden claims there was a discrepancy between the verdict on his cross-complaint and the judgment because the verdict states the jury found *for* him on his cross-complaint but awarded zero damages, while the judgment states the jury found *against* him on his cross-complaint and awarded zero damages. We must reject his claim because he has not included the verdict in the record on appeal. Instead, he cites the trial court's minute order on the verdict. Without having the verdict itself to review, we presume the judgment is correct and Alden has not carried his burden to demonstrate otherwise. (*Vo, supra*, 79 Cal.App.4th at p. 447.)

### *5. Sufficiency of Evidence on Cross-complaint*

Finally, Alden argues there was "insufficient evidence to deny [him] his legal fees" sought in his cross-complaint. (Boldface and capitalization omitted.) This is another attack on the sufficiency of the evidence presented at trial, and we reject it for lack of an adequate record on appeal. (*Fain, supra*, 75 Cal.App.4th at p. 992.)

### DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.



RUBIN, J.


10