Filed 6/24/21

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GOALS FOR AUTISM,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PAUL ROSAS,<br><br>        Defendant and Appellant. | A158062<br><br>(Contra Costa County<br>Super. Ct. No. CIVMSN19-0962) |

Goals for Autism (Goals) obtained a two-year workplace violence restraining order (Code Civ. Proc., § 527.8)[1] against its former employee, Paul Rosas. The restraining order includes a variety of personal conduct and stay away orders protecting another employee, A.K., and her parents. Rosas appeals the issuance of the restraining order. We affirm and hold that section 527.8, subdivision (o) does not require trial courts to grant respondents a continuance once they have responded to a petition for a restraining order.

## I. BACKGROUND

In its petition seeking a workplace violence restraining order, Goals alleged that its employee and shareholder, A.K., needed protection from

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.B.

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

Rosas because he "verbally harassed and threatened" her, making her feel unsafe. Goals also alleged Rosas threatened to ruin A.K., told her that he owned firearms, and caused her to have panic attacks and fear for her safety. The court denied the request for issuance of a temporary restraining order, citing insufficient evidence that Rosas threatened A.K. with violence, and set the matter for hearing on June 10, 2019. On June 1, Rosas was timely served with the petition and a notice of hearing. (§ 527.8, subd. (m) [requiring personal service five days before the hearing unless shortened by court order].)

Rosas filed an opposition on June 7, 2019, three days before the hearing. In his opposition, Rosas denied "each and every allegation" in the petition. He further argued that the petition lacked evidentiary support, that it had been filed for an improper purpose (related to ongoing civil litigation between the parties), and he sought sanctions under section 128.7. Finally, citing section 527.8, subdivision (o), Rosas requested a two-week continuance because he was "currently out of town on a charitable bicycle ride," and he needed more time to prepare for the hearing.

Neither Rosas nor his counsel appeared in court for the hearing. In Rosas's absence, a temporary judge denied his request for a continuance and, after hearing testimony from A.K., granted the requested restraining order. The restraining order was due to expire on June 10, 2021.[2]

---

[2] While this appeal was pending, Rosas filed an unopposed request for judicial notice, asking us to take judicial notice of a lawsuit he filed against Goals and A.K. in Contra Costa County Superior Court, as well as a cross-complaint and related court records. We initially deferred ruling on the request, but now deny it. Rosas does not show that these documents are relevant to any issue on appeal. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135, fn. 1.)

## II. DISCUSSION

### A.  The trial court did not err in denying a continuance

Relying on subdivision 527.8, subdivision (o), Rosas argues the trial court erred when it denied his request for a continuance.  Not so.

Section 527.8 authorizes employers to seek restraining orders to protect an employee from suffering unlawful violence or credible threats of violence at the workplace.  (§ 527.8, subd. (a); *Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 333–334.)  Upon the filing of a petition, the court may issue a temporary restraining order and set a hearing within 21 days, or if good cause appears to the court, 25 days.  (§ 527.8, subds. (e) & (g).)  The respondent must be personally served at least five days before the hearing with a copy of the petition, any temporary restraining order that may have been issued, and notice of the hearing.  (*Id.*, subd. (m).)  The notice of hearing states that if the respondent fails to attend the hearing, the court may make orders against him or her that could last up to three years.  (*Id.*, subd. (n).)

The respondent may file a response explaining or denying the allegations.  (§ 527.8, subd. (i).)  Alternatively, respondents may respond in writing or orally at the hearing.  (See Cal. Rules of Court, rule 3.1160(d) ["[t]he response to a request for a protective order may be written or oral, or both"].)  Subdivision (p) entitles either party to a continuance upon a showing of good cause and, as will be discussed in greater detail, subdivision (o) is a continuance provision directed at respondents.  At the hearing, the court must issue a restraining order lasting up to three years if it finds by clear and convincing evidence that the respondent engaged in unlawful violence or made a credible threat of violence.  (§ 527.8, subds. (j) & (k)(1).)  As is apparent, the Legislature provided for workplace violence restraining order matters to be resolved promptly, and generally within a matter of weeks.

3

(See *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 970 [discussing parallel civil harassment restraining order statute].) With the foregoing in mind, we turn to the provision at issue here.

Section 527.8, subdivision (o) provides, "[t]he respondent shall be entitled, as a matter of course, to one continuance, for a reasonable period, to respond to the petition." Rosas contends subdivision (o) confers a right to a mandatory continuance. We agree with this argument as far as it goes. But the express purpose of the mandatory continuance provided for in subdivision (o) is "to allow the respondent 'reasonable time' to respond to the applicant's grounds for seeking the protective order." (*Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 861–862 & fn. 5 [construing almost identical statutory language]; see § 527.8, subd. (i) [allowing respondents to "file a response that explains, excuses, justifies, or denies the alleged unlawful violence or credible threats of violence"].) Here, Rosas filed an opposition in which he denied the allegations, argued there was insufficient evidence to support a restraining order, and contended the petition was filed for an improper purpose. (See § 527.8, subd. (i).) Once Rosas filed his response to the petition, subdivision (o) no longer obligated the court to grant a continuance. (See *Ross*, at p. 862.)

To the extent Rosas argues section 527.8, subdivision (o) entitles respondents to one continuance—regardless of whether they have already responded to the petition—we disagree. Such an interpretation is inconsistent with the plain language of the statute and well-established principles of statutory construction. " 'A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent,

4

we look no further and simply enforce the statute according to its terms. [Citations.] [¶] . . . "We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" [Citations.] " 'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.]" ' " (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32.) " 'Courts may not add or detract from a statute or insert or delete words to accomplish a purpose that does not appear on its face or from its legislative history.' " (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 529 (*Freeman*).)

Section 527.8, subdivision (o) provides respondents with "one continuance . . . *to respond to the petition*." (Italics added.) The ordinary meaning of the word "respond" is "answer," "react," or "say something in return." (See Merriam-Webster Dict. Online <https://www.merriam-webster.com/dictionary/respond> [as of June 24, 2021].) As previously explained, to answer a petition, respondents may "file a response that explains, excuses, justifies, or denies the alleged unlawful violence or credible threats of violence," as provided for in section 527.8, subdivision (i). Alternatively, respondents may address the request for a restraining order in writing or orally at the hearing. (See Cal. Rules of Court, rule 3.1160(d) ["[t]he response to a request for a protective order may be written or oral, or both"].) So long as a respondent has not responded to the petition—either before or at the hearing—she is entitled to one continuance under subdivision (o). By contrast, the interpretation Rosas urges us to adopt would read the words "to respond to the petition" out of the statute.[3] Had the Legislature

---

[3] Moreover, were we to adopt the interpretation Rosas advocates, it would have implications beyond the workplace violence context because the Legislature added identical language to various civil restraining order schemes in 2015. (Stats. 2015, ch. 411, §§ 1–3, 6–8; § 527.6, subd. (o) [civil

wanted to provide respondents with one mandatory continuance regardless of whether they had already responded to the petition, it could have done so by simply omitting the qualifying language.

The evolution of section 527.8 provides further evidence of the Legislature's intent regarding the mandatory continuance provision. The Workplace Violence Safety Act was " 'enacted in 1994 to establish parallel provisions to section 527.6,' " the statute addressing civil harassment restraining orders. (*USS-Posco Industries v. Edwards* (2003) 111 Cal.App.4th 436, 443.) When enacted, section 527.8 did not contain a mandatory continuance for respondents. (Stats. 1994, ch. 29, § 2.) And, while the Legislature amended the statute 12 times thereafter, it never added such a provision until 2015. (E.g., Stats. 1998, ch. 581, § 3; Stats. 2006, ch. 476, § 2; Stats. 2012, ch. 162, § 13.) Indeed, in *Freeman, supra*, 192 App.4th at pages 528 to 529, the court interpreted the parallel language of former section 527.6 and concluded no mandatory right to a continuance existed. In so concluding, *Freeman* contrasted section 527.6 with the language in former Family Code section 243, which provided respondents in domestic violence restraining order matters with a mandatory continuance. (*Freeman*, at pp. 527, 528.)

Former Family Code section 243 provides further support for our conclusions regarding the Legislature's intent here. In 2010, the Legislature amended former Family Code section 243 and provided that, if service upon a respondent is effected, "the respondent may file a response that explains or

---

harassment restraining orders]; § 527.8, subd. (o) [workplace violence restraining orders]; § 527.85, subd. (o) [private postsecondary school violence restraining orders]; Fam. Code, § 245, subd. (a) [domestic violence restraining orders]; Welf. & Inst. Code, § 213.5, subd. (c)(2) [juvenile restraining orders]; Welf. & Inst. Code, § 15657.03, subd. (m) [elder abuse restraining orders].)

denies the allegations in the petition. The respondent is entitled, as a matter of course, to one continuance for a reasonable period to respond to the petition for orders." (Stats. 2010, ch. 572, § 8.) This language, which is nearly identical to that of section 527.8 after it was amended in 2015 (Stats. 2015, ch. 411, § 2), underscores that the purpose in enacting the mandatory continuance provision was to give respondents an opportunity to respond to the allegations in the petition for the restraining order. (*Ross v. Figueroa, supra*, 139 Cal.App.4th at pp. 861–862 & fn. 5; see § 527, subd. (d)(4) [entitling parties opposing preliminary injunctions to one continuance "to enable the opposing party to meet the application for a preliminary injunction"].)

In addition to being consistent with the plain language of section 527.8, subdivision (o), our construction has the additional advantage of balancing due process considerations with the need to promptly conduct hearings and issue restraining orders when there is clear and convincing evidence of unlawful violence and credible threats of violence at the workplace. Our construction gives respondents a right to one continuance when additional time is needed to prepare a response to the allegations. But it also preserves the trial court's right to control the proceedings and resolve these matters in a timely fashion. Requiring courts to grant respondents one continuance in every case—regardless of whether they already responded to the petition—is not only inconsistent with the express legislative intent, it also risks delaying the resolution of these matters, with potentially dangerous consequences.

Given the foregoing, we decline to read section 527.8, subdivision (o) as conferring upon respondents a right to a continuance once they have responded to the petition either by filing a response in advance of the hearing or providing a written or oral response at the hearing. Because Rosas filed a

7

response, subdivision (o) did not obligate the court to grant his requested continuance.

As previously mentioned, section 527.8, subdivision (p) allows either party to obtain a continuance upon a showing of good cause. (§ 527.8, subd. (p)(1).) But Rosas does not rely on subdivision (p) in his briefing or argue he made such a showing here. Additionally, Rosas failed to provide an adequate record of the proceedings below—he did not provide a reporter's transcript from the hearing or obtain a settled statement. Accordingly, we do not know why the trial court denied his continuance request. It could have concluded, for example, that his counsel's unsworn assertion that Rosas was unavailable due to a charitable bike ride did not constitute good cause. We decline to second guess the court's discretionary decision. (*Freeman*, *supra*, 192 Cal.App.4th at p. 527 ["[t]rial courts generally have broad discretion in deciding whether to grant a request for a continuance"].)

## B.    Rosas's other arguments have no merit

Rosas asserts two other alleged errors requiring reversal. Neither is persuasive.

First, Rosas argues the trial court denied him due process by failing to call his counsel on the day of the hearing so that counsel could appear by telephone. This argument is not persuasive. Rosas cites no authority requiring trial court personnel to call a party on the day of the hearing where the party has not complied with California Rules of Court, rule 3.670, which governs telephonic appearances.

Personal appearances are required at restraining order hearings, but a court may permit a party to appear by telephone "if the court determines that a telephone appearance is appropriate." (Cal. Rules of Court, rule 3.670(e)(1)(B), (f)(3).) A party seeking to appear telephonically must notify

8

the court and all other parties of the intent to appear by telephone two court days before the hearing. (*Id.*, rule 3.670(h)(1)(B).) Here, Rosas did not provide the required notice. A self-serving declaration filed by the office manager for Rosas's counsel after the hearing does not establish compliance with the governing court rule. Even if we overlook the fact that the declaration is replete with inadmissible hearsay, the declaration shows the office manager waited until the morning of the hearing to request permission to appear telephonically, *and* that the office manager never notified Goals of Rosas's intent to appear by telephone.[4]

Second, Rosas argues his constitutional rights were violated because a temporary judge presided over the hearing in the absence of his stipulation. We disagree. Rosas was personally and timely served with notice of the hearing, and he failed to appear. Article VI, section 21 of the California Constitution provides, "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." (Cal. Const., art. VI, § 21.) Having notice of the hearing, Rosas's failure to appear meant he was not a "party litigant" within the meaning of article VI, section 21, and the stipulation executed by Goals was sufficient to empower the commissioner to act as a temporary judge. (*Sarracino v. Superior Court* (1974) 13 Cal.3d 1, 6–10 [petitioner's failure to appear at the hearing denied him "party litigant" status and permitted the temporary judge to act in the absence of petitioner's stipulation]; *Reisman v. Shahverdian* (1984) 153

_____

[4] Rosas's reliance on *Judith P. v. Superior Court* (2002) 102 Cal.App.4th 535 and *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938 is unavailing. In those cases, the parties did not receive the notice to which they were statutorily entitled. (*Judith P.,* at p. 557; *Severson,* at p. 946.) As discussed above, there was no notice problem here because Rosas was timely served with the petition.

Cal.App.3d 1074, 1089–1091 [temporary judge may act without the stipulation of a party who has notice, but is absent].)

We decline to consider Rosas's argument, raised for the first time in his reply brief, that insufficient evidence supports the restraining order. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277–278.)

### III.   DISPOSITION

The workplace violence restraining order is affirmed.  Goals is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

_____
                              Rodriguez, J.*

WE CONCUR:


_____
Simons, Acting P.J.


_____
Burns, J.




A158062

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

**Goals for Autism et al. v. Paul Rosas**

(A158062)

Trial Court:                Contra Costa County

Trial Judge:              Commissioner Cary McReynolds

Attorneys:               Narayan Travelstead and Timothy C. Travelstead, Scott C. Ku for Appellant and Defendant.

Mendes Weed and Christina Weed, Samantha K. Pruett for Respondent and Plaintiff.