Filed 8/23/21  Sandra V. v. Mark W. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SANDRA V., <br><br> Respondent, <br><br> v. <br><br> MARK W., <br><br> Appellant. | A159934 <br><br><br> (Humboldt County <br> Super. Ct. No. FL2000012) |

Appellant Mark W. appeals from the trial court's denial of his request for a continuance and subsequent grant of a request filed by his mother-in-law, respondent Sandra V., for a domestic violence restraining order (DVRO) pursuant to the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.).[1]  Appellant contends the trial court's denial of his request for a continuance to prepare for the hearing on his mother-in-law's DVRO request was an abuse of discretion that deprived him of his right to a fair trial.  Respondent declined to file a responsive brief.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 6, 2020, respondent, age 70, filed a request for a DVRO against appellant, her son-in-law, under the DVPA for herself and her husband.  According to respondent's supporting documents, appellant

---

[1] All statutory citations herein are to the Family Code.

harassed and emotionally abused her at a family therapy session by, among other things, berating, cursing at, and accusing her of mistreating her critically ill husband. Respondent attested, "It is my personal belief that if we were not in a confined area with a counselor present that he would of harmed me physically." (*Sic.*)

Respondent's request described other incidents of appellant's alleged harassment and abuse, including an incident around New Year's Day 2020 when he "barricad[ed]" her driveway with his truck. Appellant accused her and her daughter (appellant's wife) of mistreating their young son (respondent's grandson).[2] Respondent and her daughter were so scared they called the police, who responded and performed a child wellness check.

Respondent's request further alleged appellant called the charter school where her daughter worked as a special needs teacher and falsely accused her daughter of being a sex worker.[3] According to the request, "[appellant] has further told my daughter that he is calling my work to accuse me of child abuse. It was embarrassing but I had to put my supervisor on alert to let her know this was his intention."

On January 7, 2020, the trial court issued a temporary restraining order against appellant and scheduled a DVPA hearing for January 27, 2020. At the hearing, appellant appeared in propria persona and advised the court he had not retained counsel and was unaware of his right to file a written response to respondent's request. The court advised him that a written

_____

[2] According to the request, appellant and respondent's daughter have marital problems, and she often seeks refuge for herself and their son at respondent's house. Respondent surmises that appellant is retaliating against her for these circumstances.

[3] Appellant accused his wife of being a "prostitute," a pejorative term we herein avoid.

2

response was preferred and asked appellant, "So how much time would you need?" Appellant replied, "A week would be fine." The court granted his request and continued the hearing until February 3, 2020, with appellant's response due the same day.

On January 30, 2020, appellant requested a continuance of the February 3, 2020 hearing, stating that he had been unable to obtain representation due to his counsel's illness. The next day, the court denied his request.

On February 3, 2020, appellant appeared for the hearing and provided the court with a written response and two declarations, one from a family therapist and the other from his wife, which he had not previously filed or served. Because appellant did not bring a copy of his papers for respondent, the court took a brief recess to allow respondent the opportunity to review them.

When court was back in session, respondent testified about a recent event in which appellant called the hospital to falsely report that she was poisoning her husband, who was receiving cancer treatment. After respondent's testimony, the court instructed appellant to file his response and declarations by the end of the day and asked whether he would like to respond. Appellant made a third request for a continuance, explaining, "There is just a lot of—the information that she provided is a bit hysteric and I tried the best to respond in a just facts only manner, but I really just wish I had a little more time to retain counsel and properly, you know, defend myself in this situation." The court replied, "You've been given enough time and we are here. We are doing it now. So that's denied."

Appellant thereafter testified, admitting that he called the hospital to report that respondent was poisoning her husband despite having no

3

evidence to support his claim. Appellant also claimed, "[T]here are other forms of abuse that have been taking place," and, "No matter what happens today, if [respondent] feels that she is in harm or I'm a threat, so be it. Whatever she thinks. This is—this problem will not go away. I'm going to get to the bottom of it, whatever it is. It's very serious."

After appellant's testimony, respondent returned to the stand to discuss other harassing acts by appellant, including blocking her driveway, calling the police to her house and going through her trash. Respondent added that, while she loved her daughter, she found herself no longer willing or able to put up with appellant's behavior, especially while her husband was battling cancer. The court then allowed further testimony from appellant, who reiterated his claims that respondent had committed serious acts of abuse (including sexual abuse) and that he intended to investigate and bring criminal charges against her.

At the conclusion of testimony, the trial court granted respondent's DVRO request, finding that appellant had willfully and maliciously harassed her: "Anybody that would really slander another person by calling a hospital with no evidence whatsoever about poisoning, that's probably actionable on some level. [¶] . . . [¶] Certainly harassing. Disturbing the peace. When they are going through a time of real medical possible emergency or at least procedure for someone to call and make that kind of accusation."

The DVRO was entered on February 3, 2020, and included requirements that appellant stay at least 100 yards away from respondent and her husband and file a receipt with the court confirming his firearms were turned in, stored or sold.

On February 14, 2020, appellant moved for a new trial on the grounds that irregularity in the proceedings prevented him from having a fair

4

hearing.  Appellant's supporting declaration stated in relevant part:  "I diligently searched for an attorney to represent me contacting approximately 12–14 attorneys.  Each attorney I contacted declined to represent me as they stated there wasn't enough time for them to prepare for trial. [¶] . . . I filed a DV 115, Request for Continuance, but it was denied. [¶] . . . At the last court hearing on January 27, 2020[4], I again requested more time in order to retain an attorney to represent me. I was denied the continuance and the matter proceeded without me being having representation or being prepared."  (*Sic.*)

On February 26, 2020, the court denied appellant's new trial motion, prompting this timely appeal.

## DISCUSSION

Pursuant to section 245, subdivision (b):  "Either party may request a continuance of the hearing [under the DVPA], which the court shall grant on a showing of good cause.  The request may be made in writing before or at the hearing or orally at the hearing.  The court may also grant a continuance on its own motion."

The failure to grant a requested continuance is reviewable on appeal from the judgment.  (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) "Trial courts generally have broad discretion in deciding whether to grant a request for a continuance."  (*Ibid.*)

Here, the trial court granted appellant's initial request for a continuance of one week but denied his second request made one business day before the February 3, 2020 hearing and his third request made orally at this hearing.  The court reasoned:  "Respondent [below] had approximately

---

[4] This date appears to be a misstatement, as the hearing appellant references took place February 3, 2020.

5

one month to retain counsel, file a response, and prepare for the hearing on the Request for DVRO.  In response to his initial request for a continuance, the Court granted Respondent an additional week.  Defendant [*sic*] appeared at the hearing, filed his response and declarations, and testified on his own behalf.  Respondent had his day in court."

The trial court did not abuse its discretion in denying appellant's request for a continuance for the reasons stated.  (Cf. *J.M. v. W.T.* (2020) 46 Cal.App.5th 1136, 1140 [abuse of discretion to deny continuance where the moving party had a necessary spinal surgery scheduled for the day before the DVRO hearing].)  Appellant appeared at the hearing with a written response and multiple declarations.  He was then given multiple chances to testify in his own defense and, when testifying, admitted to several acts of harassment alleged in respondent's request.  On appeal, appellant has not identified any evidence or argument that, had he retained counsel, he would have offered in opposition to respondent's request.[5]  Thus, given the weight of respondent's evidence that appellant was harassing and emotionally abusing her at a time when her husband was critically ill, the court acted reasonably in finding the balance of the parties' interests weighed against further delay in implementing a DVRO.  The court's February 3, 2020 order stands.

## DISPOSITION

The trial court order of February 3, 2020, is affirmed.

---

[5] Most of the information in appellant's declaration in support of his new trial motion, including the fact that he unsuccessfully contacted 12 to 14 attorneys to represent him at the hearing, was not brought to the court's attention when he requested a continuance.  As such, it is not relevant to whether the court abused its discretion in denying his request.

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Chou, J.*


A159934/*Sandra V. v. Mark W.*

---

* Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7