Filed 1/5/23  Marriage of Harry and Brown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re the Marriage of KENDELL HARRY AND MAYLETTE BROWN. | |
| KENDELL HARRY, | E076951 |
| Respondent, | (Super. Ct. No. FAMVS1901549) |
| v. | OPINION |
| MAYLETTE BROWN, | |
| Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Carlos M. Cabrera, Judge.  Affirmed.

Shinton & Johnson and Thomas E. Shinton, for Appellant.

Zumbrunn Law and Gregory Zumbrunn, for Respondent.

1

I.

INTRODUCTION

Maylette Brown appeals the family court's judgment against her, arguing that the court erroneously denied her request for a trial continuance. We affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Maylette Brown and Kendell Harry's marriage dissolution action was set for trial on February 24, 2021. At the trial readiness conference a few weeks beforehand, Brown's attorney orally moved to continue the trial, which the family court denied. About a week before trial, Brown's attorney filed an ex parte request to continue the trial on the ground that Brown was severely ill and could not participate in the trial.[1] The family court denied the motion.[2]

When the trial began, Brown's attorney made another oral motion to continue the trial, again arguing that Brown was too ill to attend the trial. The family court denied the motion and proceeded with the trial.

_____

[1] The ex parte motion is not in the record on appeal.

[2] There is no reporter's transcript from the hearing on the ex parte motion.

III.

DISCUSSION

Brown contends the family court erroneously denied her requests to continue the trial. We find no error.

As for Brown's two oral requests to continue the trial, the family court properly denied the requests because a motion to continue a trial must be made in writing. (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468-469.) Brown's written ex parte motion to continue the trial is not in the record on appeal and there is no reporter's transcript from the hearing on the motion, so we cannot determine whether the trial court properly denied it. (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"].) We therefore must affirm the trial court's order denying the motion. (*Ibid*.; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [appellant's failure to provide adequate record "precludes an adequate review and results in affirmance of the trial court's determination"].)

In any event, Brown bears the burden of showing that the court's denial of her request for a continuance prejudiced her. (*People v. Montes* (2014) 58 Cal.4th 809, 861; *Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 528.) To do so, Brown must show it was reasonably probable that she would have obtained a more favorable result had the family court continued the hearing. (*People v. Gonzalez* (2005) 126 Cal.App.4th 1539, 1549.)

3

Brown makes no attempt to explain in her opening brief how she was prejudiced by the family court's denial of her request for a continuance, and she declined to file a reply brief. For this reason alone, we conclude Brown has failed to show, as she must, that the family court prejudicially erred by denying her request for a continuance. (See *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [appellant must show prejudicial error].) We therefore affirm the judgment.

IV.

DISPOSITION

The judgment is affirmed. Harry may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

MENETREZ
J.

4