.[No. B217470. Second Dist., Div. Five. Dec. 10, 2010.]

SHANEL STASZ, Plaintiff and Appellant, v.
MICHAEL EISENBERG et al., Defendants and Respondents.

COUNSEL

Shanel Stasz, in pro. per., for Plaintiff and Appellant.

Weiss & Weissman and Alan R. Seher for Defendants and Respondents.

OPINION

**KRIEGLER, J.**—The trial court dismissed the action filed by plaintiff and appellant Shanel Stasz against defendants and respondents Michael Eisenberg[1] and Bernard A. Burk, after Stasz failed to pay costs and attorney fees ordered when the court transferred the action to San Francisco pursuant to Code of Civil Procedure section 399, subdivision (a).[2] Stasz argues on appeal she was not required to pay the transfer fee because she was never served with notice of finality of the order under section 399, the motion to dismiss was untimely, and she was deprived of her due process right to file a motion for reconsideration.

We affirm. Stasz was not entitled to notice of finality of the transfer order under section 399, subdivision (a), because she did not challenge the order by way of writ of mandate. In addition, we reject the arguments that the motion to dismiss was not timely filed and Stasz was improperly denied an opportunity to seek reconsideration.

## PROCEDURAL HISTORY

Stasz's operative first amended complaint alleged multiple causes of action against defendants based on her claim to entitlement of property from the estate of Hugo W. Quackenbush, who had died in San Francisco. Stasz alleged that defendants were both residents of San Francisco. On February 17, 2009,[3] the trial court granted defendants' motion to change venue to San Francisco and awarded defendants $2,140 in attorney fees. Stasz was also

---

[1] Eisenberg was sued individually and as trustee, administrator, or executor of the estate and trust of Hugo W. Quackenbush.

[2] All statutory references are to the Code of Civil Procedure.

[3] All dates are in 2009 unless otherwise stated.

ordered to pay transfer costs in the amounts of $50 and $365. The order changing venue and imposing costs and fees was signed on February 25.

On April 8, defendants filed a motion to dismiss pursuant to section 399, subdivision (a), on the ground that costs and fees had not been paid by Stasz and more than 30 days had passed since the date of the transfer order. The motion was dated and signed by defendants' counsel on April 6, and service was made by mail on that date.

Stasz filed an opposition to the motion to dismiss on April 23, arguing the motion was not timely served, was premature, and she did not pay the fees in good faith. Stasz argued she was not served with the February 25 order by mail, but instead learned of it on the court's Web site on February 26. She received the order by mail on March 6. Stasz learned on March 3 that the February 25 order had not been entered. Stasz intended to file a motion for reconsideration under section 1008. Stasz wrote two checks to the court and mailed them on March 13, but the checks were not cashed. She was served with the motion to dismiss on April 21.

Defendants' reply to the opposition to the motion to dismiss argued that Stasz had not paid the costs and fees ordered by the court, and that she had invented "a host of perceived procedural problems." According to the declaration filed by defendants' counsel, notice of the motion to dismiss had to be served no later than April 9—calculated as 16 court days prior to the motion set for May 6, with 5 additional days for mailing. Counsel declared the motion was served on April 6 and filed on April 8.

Defendants further argued that Stasz's contention that the motion was untimely because she did not receive it until April 21 was incorrect, as service was complete upon mailing of the papers under section 1013. Moreover, Stasz filed an opposition to the motion, thereby waiving any objection to timely service.

Defendants contended that Stasz's argument that she could not seek rehearing because the order was never entered makes no sense. The notice of the order was mailed on February 26 and included a filed copy of the order. In addition, Stasz declared that she learned from the court's Web site on February 26 that the order had been entered. She had until March 6 to file a motion for reconsideration and failed to do so.

Stasz's argument that she was entitled to notice of finality of the order of transfer was based on a misreading of section 399, subdivision (a). She did not file a writ challenging the transfer, and the order was final 30 days after it was signed.

Finally, defendants argued Stasz claimed she paid transfer fees, but made no mention of payment of attorney fees. Section 399 requires payment of both or dismissal is appropriate.

The trial court ruled that although Stasz said she sent two checks to the court, the court had no evidence any checks were received and none were cashed. The court asked if Stasz had any proof of payment; she said she had been moving and could not find her checkbook. She was willing to pay the transfer fee but did not want to pay the attorney fees. The court ruled the fees were not paid and dismissal without prejudice was required by section 399.

## DISCUSSION

*Service of a Notice of Finality of the Transfer Order*

Relying on selected language of section 399, subdivision (a), Stasz argues dismissal was improper because she was not given notice by defendants of the *finality* of the transfer order. She also argues that she would have paid the transfer fees if she had had notice of the finality of the order and that she expressed her willingness to pay the fees at the hearing on the motion to dismiss on May 6.

We review the statutory interpretation of section 399, subdivision (a),[4] de novo. Based upon our independent review, we conclude Stasz puts misplaced reliance on a portion of the statute that has no application under the circumstances of this case.

---

[4] Section 399, subdivision (a) provides as follows: "When an order is made transferring an action or proceeding under any of the provisions of this title, the clerk shall, after expiration of the time within which a petition for writ of mandate could have been filed pursuant to Section 400, or if a writ petition is filed after judgment denying the writ becomes final, and upon payment of the costs and fees, transmit the pleadings and papers therein (or if the pleadings be oral a transcript of the same) to the clerk of the court to which the same is transferred. When the transfer is sought on any ground specified in subdivision (b), (c), (d), or (e) of Section 397, the costs and fees thereof, and of filing the papers in the court to which the transfer is ordered, shall be paid at the time the notice of motion is filed, by the party making the motion for the transfer. When the transfer is sought solely, or is ordered, because the action or proceeding was commenced in a court other than that designated as proper by this title, those costs and fees (including any expenses and attorney's fees awarded to the defendant pursuant to Section 396b) shall be paid by the plaintiff before the transfer is made; and if the defendant has paid those costs and fees at the time of filing a notice of motion, the same shall be repaid to the defendant, upon the making of the transfer order. If those costs and fees have not been so paid by the plaintiff within five days after service of notice of the transfer order, then any other party interested therein, whether named in the complaint as a party or not, may pay those costs and fees, and the clerk shall thereupon transmit the papers and pleadings therein as if those costs and fees had been originally paid by the plaintiff, and the same shall be a proper item of costs of the party so paying the same, recoverable by that party in the event that party prevails

█ Under the plain language of section 399, subdivision (a), if a change of venue is ordered *and no further challenge is made to the order*, any party may move for dismissal without prejudice if costs and fees are not paid within 30 days. This scenario is what took place in the instant case—the trial court signed the order to transfer the action to San Francisco on February 27, Stasz did not seek a writ of mandate to challenge the order, and she failed to pay all court-ordered costs and fees within 30 days. Contrary to Stasz's argument, there is no requirement of service of a notice of finality of the order of transfer when there has been no challenge to the order in the Court of Appeal.

That portion of section 399, subdivision (a), relied upon by Stasz comes into play only when a plaintiff whose action has been ordered transferred files a writ of mandate challenging the order in the Court of Appeal and serves a copy of the petition on the trial court under section 400. In that situation, a party may move for dismissal "within 30 days after notice of finality of the order of transfer." (§ 399, subd. (a).) The language regarding notice of finality refers to the finality of the decision of the Court of Appeal, as section 400 provides in part that "[t]he clerk of the [C]ourt of [A]ppeal shall file with the clerk of the trial court, a copy of any final order or final judgment immediately after the order or judgment becomes final."

Thus, service of notice of the finality of an order of transfer is required only where the plaintiff has challenged the change of venue order by petition for writ of mandate in the Court of Appeal. That order becomes final after ruling by the Court of Appeal. Stasz never petitioned for mandate in the Court of Appeal, and the requirement of service of notice of the finality of the transfer order never became operative.

█ Because the requirement of service of notice of the finality of the transfer order is inapplicable in this case, Stasz's further argument that she would have paid the transfer fees had she received proper notice necessarily fails. Stasz received all the notice to which she was entitled and failed to pay the costs and fees ordered by the trial court. Dismissal without prejudice was properly granted.

---

in the action; otherwise, the same shall be offset against and deducted from the amount, if any, awarded the plaintiff in the event the plaintiff prevails against that party in the action. The cause of action shall not be further prosecuted in any court until those costs and fees are paid. If those costs and fees are not paid within 30 days after service of notice of the transfer order, or if a copy of a petition for writ of mandate pursuant to Section 400 is filed in the trial court, or if an appeal is taken pursuant to Section 904.2, then within 30 days after notice of finality of the order of transfer, the court on a duly noticed motion by any party may dismiss the action without prejudice to the cause on the condition that no other action on the cause may be commenced in another court prior to satisfaction of the court's order for costs and fees. When a petition for writ of mandate or appeal does not result in a stay of proceedings, the time for payment of those costs shall be 60 days after service of the notice of the order."

*Service of the Motion to Dismiss*

Stasz's next argument is that she did not receive timely service of the motion to dismiss. According to Stasz, the final day for service of the May 6 motion to dismiss would have been on April 9. She contends she was not served with the notice until she received it in the mail on April 21. She further argues defendants failed to meet and confer on the motion as required by the Superior Court of Los Angeles, Local Rules, rule 7.12(h)(1), which would have resolved the matter without dismissal because Stasz had in good faith made timely payment of the transfer fees to the court clerk.

Because the adequacy of service of a motion involves statutory construction, we review the issue de novo. (See *Regents of the University of California v. Superior Court* (1999) 20 Cal.4th 509, 531 [85 Cal.Rptr.2d 257, 976 P.2d 808].)

■ Moving and supporting papers must be "be served and filed at least 16 court days before the hearing." (§ 1005, subd. (b).) If notice is served by mail, the 16-day period is increased by five days when the mailing and place of address are in California. (*Ibid.*; § 1013.) Service is complete at the time of deposit in the mail. (§ 1013.)

Defendants' motion to dismiss was calendared for May 6. Calculating backwards for 16 court days for service and five additional days for service by mail, defendants were required to file the motion and serve Stasz no later than April 9. The motion to dismiss was timely filed on April 8. The proof of service by mail attached to the moving papers was dated April 6. Service was therefore timely.

■ Stasz's reliance on the Superior Court of Los Angeles, Local Rules, rule 7.12(h)(1) is unavailing. The rule suggests: "Before filing a motion, counsel should engage in more than a mere pro forma discussion of its purpose in an effort to resolve the issue." There is nothing in the rule which requires denial of an otherwise valid motion because of a failure to follow the rule's meet and confer suggestion. Moreover, Stasz has not demonstrated how she was prejudiced by any failure to meet and confer, as the trial court found she had not paid the transfer fees, and we have upheld that finding earlier in this opinion. There is no probability of a more favorable result to Stasz had the meet and confer suggestion been satisfied. (Cal. Const., art. VI, § 13.)

*Denial of an Opportunity to Seek Reconsideration*

Relying on events occurring at the hearing in which change of venue was granted on February 17, Stasz argues the trial court had not received a

document filed by Stasz which dismissed Eisenberg in his capacity as executor of the estate of Quackenbush. From this premise, Stasz argues that she could have made a successful motion for reconsideration of the change of venue ruling.

Stasz has not included a reporter's transcript, or suitable substitute, of the hearing on February 17. Some of the documents she relies on are not included in the record on appeal. It is Stasz's obligation as appellant to present a complete record for appellate review, and in the absence of a required reporter's transcript and other documents, we presume the judgment is correct. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [240 Cal.Rptr. 872, 743 P.2d 932]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 [224 Cal.Rptr. 664, 715 P.2d 624]; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060 [257 Cal.Rptr. 768]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712 [152 Cal.Rptr. 65].)

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

Armstrong, Acting P. J., and Mosk, J., concurred.

A petition for a rehearing was denied December 3, 2010, and appellant's petition for review by the Supreme Court was denied March 16, 2011, S189976.