Filed 10/30/14  Cavanagh v. Najera CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LESLIE CAVANAGH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ARTHUR NAJERA, et al,<br><br>    Defendants and Respondents. | 2d Civil No. B250910<br>(Super. Ct. No. 1382027)<br>(Santa Barbara County) |

In 2005, a drainage pipe owned by the City of Santa Barbara burst, causing a landslide.  The landslide damaged property owned by respondents Arthur and Barbara Najera and an adjacent property currently owned by appellant Leslie Cavanagh.[1]  The Najeras used money from a settlement with the City to repair their property, but not Cavanagh's.  Her complaint, filed in pro per, purported to allege causes of action against the Najeras for trespass, fraud and negligence.  She alleged, among other things that the Najeras failed to honor an agreement to use the settlement funds for the repair of both properties.  The Najeras filed a cross-complaint against Cavanagh for negligence, trespass, nuisance and loss of subjacent support.  After a six-day trial, the jury found in favor of the Najeras on both Cavanagh's complaint and their cross-complaint, ordering Cavanagh to pay the Najeras damages of $300,397.  Cavanagh contends the judgment is

---

[1] Cavanagh's brother, Brad Holden, owned the property when the pipe burst; he subsequently died and his sister, Cavanagh, inherited the property.

excessive as a matter of law, that the Najeras cannot recover damages for "pain and suffering," that their claims are time-barred, that the trial court improperly excluded certain evidence and erred when it denied leave for her file a second amended complaint. We affirm.

*The Record on Appeal*

Appellant, who was represented by counsel at trial and has counsel on appeal, has chosen to proceed on a limited record of the trial court proceedings. The clerk's transcript does not include, for example, the trial court's instructions to the jury, nor has appellant requested that any of the exhibits introduced at trial be transmitted to this court. The reporter's transcript includes only one day of the six-day trial. On that day, Mr. and Mrs. Najera testified concerning their cross-complaint and counsel made their closing arguments. The trial court also instructed the jury, but the instructions were not transcribed.

*Facts*

As a consequence of this extremely limited record, we can provide only a brief summary of the facts. The parties own neighboring properties in a somewhat rural area of Santa Barbara. In 2005, a drainage pipe owned by the City of Santa Barbara burst, causing damage to the hillside below both properties. The Najeras brought a property damage claim against the City and settled their claim for $225,000.[2] Contractors and others hired by the Najeras entered Cavanagh's property where they dug some test holes, removed some vegetation and cut down at least one tree. Cavanagh complained that she had not been indemnified against potential claims arising out of the work. She also complained that the Najeras' horses and their dog trespassed on her property. The Najeras completed repairs only to their own property.

The Najeras' cross-complaint alleges causes of action for negligence, intentional tort, trespass, private nuisance and lateral and subjacent support based on the

---

[2] Cavanagh originally alleged that the Najeras promised to use the money to repair the damage to both properties and then breached that promise. The trial court sustained respondents' demurrer to this cause of action without leave to amend.

2.

factual allegations that Cavanagh did not repair or remediate "mudslide, landslide, and other land subsidence activity which occurred on her property," resulting in damage to their property. In addition, Cavanagh "deposited overburden consisting of soil and other material without proper engineering or compaction, resulting in further damage" to the property.

With respect to Cavanagh's complaint, the jury found: the Najeras were not negligent; Cavanagh gave them permission to cut down a tree on her property; and the Najeras had Cavanagh's permission when they caused surface water, soil and/or horses to enter her property. With respect to the cross-complaint, the jury found: Cavanagh negligently caused damage to the Najeras' property; "by acting or failing to act," created or maintained a nuisance that interfered with the Najera's use or enjoyment of their land; and Cavanagh damaged the Najera's property by intentionally or negligently causing "overburden, unconsolidated soil, or concrete rubble" to enter their property. The jury awarded the Najeras total economic and non-economic damages of $300,397.[3]

*Contentions*

Cavanagh contends: the judgment is excessive as a matter of law; respondents are not entitled to recover damages for pain and suffering on a property damage claim; respondents' claims are time-barred; the trial court prejudicially erred when it excluded certain evidence at trial; and the trial court prejudicially erred when it denied appellant's request to amend her pleadings.

Appellant's decision to proceed on a partial reporter's transcript limits the scope of our review. Where the appellant's Notice Designating Record on Appeal includes "less than all the testimony, the notice must state the points to be raised on appeal; the appeal is then limited to those points unless, on motion, the reviewing court permits otherwise." (Cal. Rules of Court, rule 8.130(a)(2).) Here, appellant's notice

---

[3] On the cause of action for negligence, the jury awarded the Najeras economic damages of $40,000 and non-economic damages of $180,397 , for a total award of $220,397. It awarded the Najeras $70,000 in non-economic damages on their nuisance cause of action, and $10,000 in economic damages on their cause of action for trespass.

designating the record on appeal, liberally construed, identifies only two issues: whether the cross-complaint was barred by the statute of limitations and whether respondents breached an agreement with appellant. Her opening brief on appeal addresses the statute of limitations issue but makes no argument concerning her breach of contract claim. We decline to consider the remaining contentions raised in appellant's opening brief because she did not identify them in her Notice Designating Record on Appeal. (*Id.*)

*Discussion*

The boundary between appellant's property and respondents' property is on a slope. Dr. Najera testified that, before the 2005 water main break, appellant's brother, the previous owner of her property, filled in an area at the base of the slope with soil. That soil, which Dr. Najera referred to as "overburden," has migrated onto respondents' property and continues to move in part of the slide area. Respondents' property lost lateral and subjacent support as a result of the landslide. Soil moving onto respondents' property comes from appellant's property and "a good part of it from the loose soil . . . that [appellant's brother] had put on the property." He believed appellant's brother deposited the overburden at the base of the slope in 2002 or 2003. Appellant has not cleaned up any of that material.

The limitations period for an "action for trespass upon or injury to real property[,]" is three years. (Code Civ. Proc., § 338, subd. (b).) Appellant contends respondents' claims are time barred because they filed their cross-complaint in 2011, more than three years after 2003, when they learned about the fill placed by appellant's brother. The three-year limitations period does not apply, however, where a nuisance or trespass is continuing. (*McCoy v. Gustafson* (2009) 180 Cal.App.4th 56, 63.) If a nuisance or trespass "is one ' "which may be discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated." ' " (*Gehr v. Baker Hughes Oil Field Operations, Inc.* (2008) 165 Cal.App.4th 660, 667.)

Here, respondent testified the "overburden" deposited by the prior owner of appellant's property was continuously moving onto his property and that appellant had

4.

done nothing to abate it.  The limited record on appeal contains no evidence contradicting this testimony.  We conclude substantial evidence supports the jury's implied finding that the overburden constituted a continuing nuisance and trespass and that respondents' cross-complaint was, therefore, timely.  The record is not adequate to affirmatively show error in this regard.  (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

*Conclusion*

The judgment is affirmed.  Costs to respondents.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

5.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Barton C. Merrill; Law Offices of Barton C. Merrill, for Appellant.

Steven C. Von Dollen; Delwiche & VonDollen.  Daniel E. Henderson, III, Becky Steiger; Henderson and Borgeson, for Respondents.