Filed 6/16/16  P. v. Jones CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GARRY LYNN JONES,<br><br>    Defendant and Appellant. | F070389<br><br>(Super. Ct. Nos. BF139250A & BF153532A)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Michael B. Lewis, H.A. Staley†, Michael G. Bush, Thomas S. Clarke, and Colette M. Humphrey, Judges.‡

---

\*       Before Detjen, Acting P.J., Franson, J. and Peña, J.

†       Retired Judge of the Kern Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

‡       In case number BF139250A Judge Brehmer presided in the change of plea hearing and Judge Lewis imposed sentence.  In case number BF153532A Judge Staley presided in the preliminary hearing, Judge Bush ruled on the motion to set aside the information, Judge Clarke presided in the change of plea hearing, and Judge Humphrey imposed sentence.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Garry Lynn Jones was charged with various crimes in two separate cases filed by the Kern County District Attorney's office. He entered into a plea agreement in both cases. He now appeals the judgment entered in these cases. Appellate counsel filed a brief asserting she did not identify any arguable issues in either case. We reach the same conclusion after thoroughly reviewing the record, and therefore affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

*Case Number BF139250A*

On November 8, 2011, the Kern County District Attorney filed a complaint charging Jones with (1) possession of cocaine base for sale (Health & Saf. Code, § 11351.5), (2) possession of cocaine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), (3) possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1), now § 29800, subd. (a)(1)),[1] and (4) possession of ammunition by a felon (former § 12316, subd. (b)(1), now § 30305, subd. (a)(1)). Count 1 alleged that a principal was armed with a firearm within the meaning of section 12022, subdivision (a)(1), and Jones had previously been convicted of violating Health and Safety Code section 11351.5 within the meaning of Health and Safety Code section 11370.2, subdivision (a).

On February 23, 2012, Jones entered into a plea agreement wherein he pled guilty to the possession of cocaine base for sale count for a sentence of five years in county jail. In exchange the prosecutor dismissed the remaining counts and allegations. Jones

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

executed a plea form reflecting the terms of the plea agreement as well as confirming the plea was freely and voluntarily made, and waiving his constitutional rights. The trial court confirmed Jones understood the form and that he did not have any questions about the agreement before accepting his plea.

On May 18, 2012, Jones was sentenced consistent with the terms of the plea agreement.

*Case Number BF153532A*

On May 14, 2014, an information filed by the Kern County District Attorney charged Jones with (1) possession of a firearm by a felon (§ 29800, subd. (a)(1)), (2) possession of ammunition by a felon (§ 30305, subd. (a)(1)), (3) possession of cocaine base while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), (4) possession of cocaine base for sale (Health & Saf. Code, § 11351.5), and (5) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).[2] The following enhancements were alleged (1) Jones had suffered a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b) through (i) (all counts), (2) Jones had served a prior prison term within the meaning of section 667.5, subdivision (b) (all counts), (3) a principal was armed with a firearm within the meaning of section 12022, subdivision (a)(1) (count 2), (4) Jones was personally armed with a firearm within the meaning of section 12022, subdivision (c) (count 4), and (5) Jones had suffered two prior convictions for violation of Health and Safety Code section 11351.5 within the meaning of Health and Safety Code section 11370.2, subdivision (a) (count 4).

On July 25, 2014, Jones entered into a plea agreement wherein he agreed to plead no contest to counts 1 and 4, and admit the prior conviction that constituted a strike. In exchange, he was to be sentenced to the low term of three years on count 4, doubled to six years because of the strike prior. The sentence on count 1 was to be imposed

---

[2] The complaint was filed on February 27, 2014.

3.

concurrently, for a total prison term of six years. The remaining charges and allegations were dismissed as part of the agreement. Jones executed a change of plea form which was consistent with the terms of the agreement, advised him of the consequences of his plea, and secured a waiver of his constitutional rights. The trial court confirmed that Jones voluntarily executed the change of plea form, gave up his constitutional rights, and did not have any questions about the terms of the agreement before it accepted his plea.

On September 10, 2014, Jones was sentenced to the agreed upon term of imprisonment. At the same hearing the trial court set aside the sentence in case number BF139250A, and resentenced Jones to the same five-year term to run concurrent to the sentence imposed in case number BF153532A.

Jones filed a notice of appeal in case number BF153532A indicating he was appealing from the sentence imposed. He did not seek a certificate of probable cause. At Jones's request we construed this appeal to be from the judgment entered in both cases.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting she could not identify any arguable issues. On April 6, 2015, we invited Jones to advise this court of any issues he wished to have addressed. After obtaining an extension of time to respond, Jones failed to identify any issues.

The notice of appeal was apparently directed at the question of whether the strike prior Jones admitted in case number BF153532A actually constituted a strike within the meaning of section 667, subdivisions (b) through (i). We reach this conclusion because Jones conditioned his plea on the validity of the strike prior.

The information alleged that in 1987 Jones was convicted of a violation of section 245, subdivision (a)(1), "ASSAULT W/DEADLY WEAPON OTHER THAN FRM/GBI FORCE-PERSONAL USE." Section 667, subdivision (e) provides for enhanced punishment if the defendant has a prior conviction for a serious or violent felony. Section 667, subdivision (d)(1) defines a violent felony as those offenses defined

4.

in section 667.5, subdivision (c), and defines a serious felony as those offenses defined in section 1192.7, subdivision (c). Section 1192.7, subdivision (c)(23) defines as a serious felony any felony in which the defendant personally used a dangerous or deadly weapon. Since Jones was convicted of assault with a deadly weapon, it would appear he committed a serious felony, and the enhanced sentence for a prior strike conviction was properly imposed.

We observe the record does not contain any information about the prior strike conviction other than the information contained in the information, nor does the record reflect why Jones may have thought the prior conviction was not a strike. The record is therefore inadequate to reach any conclusion other than the prior conviction was a strike within the meaning of the relevant statutes. (See *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 [failure to provide adequate record forfeits contention on appeal].)

Our review of the record did not locate any other arguable issues. Jones entered into two valid plea agreements. In each case he was adequately advised of his constitutional rights, he waived his constitutional rights, he was adequately advised of the consequences of his plea, and he was sentenced according to the agreements.

## DISPOSITION

The judgment is affirmed.