Filed 1/13/21  Klauber v. Marcus CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOCELYN MONTALBO KLAUBER,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MICHAEL P. MARCUS,<br><br>      Defendant and Appellant. | B300461<br><br>(Los Angeles County<br>Super. Ct. No. 19STRO03589) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Gary D. Roberts, Judge.  Affirmed.

Michael P. Marcus, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

Michael P. Marcus appeals the permanent restraining order granted in favor of Jocelyn Montalbo Klauber. He contends the trial court violated his right to due process by failing to grant a continuance of the hearing on Ms. Klauber's petition. We affirm, finding Mr. Marcus has forfeited his claim of error by failing to comply with the basic rules of appellate procedure.

## BACKGROUND

The record on appeal includes only the temporary restraining order, the permanent restraining order, the notice of appeal, the notice designating the record on appeal, and a reporter's transcript of the hearing on the petition. Omitted from the record are the petition (which included numerous exhibits), Mr. Marcus's response (which also included evidence), as well as Ms. Klauber's supplemental filing (which included even more evidence).

Without a complete record, we do not know everything that happened in the trial court. As best we can tell, Ms. Klauber's boyfriend Darren Elliott and Mr. Marcus were roommates. Mr. Marcus and Mr. Elliott were involved in some sort of physical fight, resulting in a criminal case against Mr. Marcus. Also, Mr. Elliott sought to terminate Mr. Marcus's tenancy, commencing an unlawful detainer action against him. It also appears Mr. Elliott sought a civil harassment restraining order against Mr. Marcus. In the context of these disputes, Mr. Marcus engaged in severe and vulgar online harassment of Mr. Elliott.

Ms. Klauber became a target of Mr. Marcus's online harassment after she testified against him in the criminal case. Mr. Marcus threatened to make her life a "living hell."

2

There was no dispute that the conduct constituted harassment. The only question was whether the anonymous online posts were made by Mr. Marcus.

At one point during the hearing on Ms. Klauber's petition, Mr. Marcus asked if he could have an "opportunity to bring in the necessary documents disputing whatever it is that is said today." The court indicated that it would "deal with that after I hear from [the witnesses] and see if that seems necessary." The court also reminded Mr. Marcus that he should have been prepared for trial.

After Mr. Elliott testified, Mr. Marcus said he would like to obtain transcripts of the hearing on the civil harassment restraining order sought by Mr. Elliott to demonstrate online "postings" were not considered by the judge in that proceeding.

The trial court acknowledged that the harassment proceedings related to an assault on Mr. Elliott and not online harassment. Therefore, the court concluded the transcripts were irrelevant to the current proceedings.

The trial court granted the request for a permanent restraining order.

## DISCUSSION

Mr. Marcus complains that he was entitled to a continuance as a matter of right. Alternatively, he contends he should have been granted a continuance in the court's discretion to obtain additional evidence.

A judgment is reversible only if any error or irregularity in the underlying proceeding was prejudicial. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) Therefore, any error in failing to grant a request for a continuance is reversible only if it denied the appellant a fair hearing. (See *Freeman v.*

3

*Sullivant* (2011) 192 Cal.App.4th 523, 527–528; see also *Cohen v. Herbert* (1960) 186 Cal.App.2d 488, 493–494; *Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 865.)  We will not presume prejudice.  (Code Civ. Proc., § 475.)  Instead, the burden to demonstrate prejudice falls squarely on the appellant.  (*Arnett v. Nall* (1921) 51 Cal.App. 194, 195.)

Mr. Marcus does not explain how he was prejudiced by the court's failure to grant him a continuance.  He does not tell us what evidence he was prevented from presenting to the trial court, or how this evidence would have benefitted him or changed the outcome of the proceedings.  We do not think the transcripts of another proceeding involving conduct completely different from that alleged in this case would have been relevant or would have changed the outcome here.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187; *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."].)

## DISPOSITION

The order is affirmed.  No costs are awarded.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.          STRATTON, J.


4