Filed 12/16/21  Johnson v. Berkeley Marine Center CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YUKI JOHNSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BERKELEY MARINE CENTER, INC.,<br><br>    Defendant and Respondent. | A159655<br><br>(Alameda County<br>Super. Ct. No. RG18916197) |

Yuki Johnson (appellant) sued Berkeley Marine Center, Inc. (respondent) asserting multiple claims relating to respondent's alleged conduct repairing—or failing to repair—appellant's boat.[1]  Respondent filed a cross-complaint seeking payment for repairs made.  After a seven-day jury trial, the jury found in favor of respondent.  The trial court issued judgment for respondent and denied appellant's postjudgment motions to set aside the verdict and for judgment notwithstanding the verdict.

---

[1] Appellant was represented by counsel below but appears in propria persona on appeal.

1

Appellant filed a notice of appeal indicating her intent to appeal from the judgment and postjudgment orders. She appears to argue that the evidence does not support the jury's verdict and the trial court failed to explain a particular statute to the jury.[2] However, she did not elect to proceed on appeal with any record of the oral proceedings below. (Cal. Rules of Court, rule 8.120(b).) Further, she elected to proceed with only a partial clerk's transcript, which does not include the jury instructions or her postjudgment motions.[3]

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] . . . ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187; see also *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 ["It is [appellant's] obligation as appellant to

---

[2] We grant respondent's June 9, 2021 request for judicial notice of legislative history materials regarding the statute.

[3] We granted appellant's request to attach exhibits to her opening brief. The exhibits do not include reporter's transcripts of any trial court proceedings, the jury instructions, or appellant's postjudgment motions.

present a complete record for appellate review, and in the absence of a required reporter's transcript and other documents, we presume the judgment is correct."].)  Appellant "is not exempt from the foregoing rules because [she] is representing [her]self on appeal in propria persona.  Under the law, a party may choose to act as [the party's] own attorney.  [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Appellant has failed to provide us with a record by which we can meaningfully review the trial court's judgment or postjudgment orders. Accordingly, we must affirm.

DISPOSITION

The judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A159655)