Filed 8/2/23  Marriage of Pallais CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re the Marriage of CARLOS A. PALLAIS and ALAYA PALLAIS-PARISH. | |
| CARLOS A. PALLAIS,<br><br>    Appellant,<br><br>v.<br><br>ALAYA PALLAIS-PARISH,<br><br>    Respondent. | A165281<br><br>(Sonoma County<br>Super. Ct. No. SFL085566) |

Carlos A. Pallais (father), in propria persona, appeals from the trial court's postjudgment order in his dissolution action against Alaya Pallais-Parish (mother).  The Sonoma County Superior Court awarded mother child support and ordered coparent counseling, both of which father argues must be stricken due to the trial court's alleged failure to consider his inability to pay and mother's ability to pay.  Father elected to proceed on appeal without a record of the oral proceedings in the trial court.  By filing his appeal without a reporter's transcript or equivalent substitute, father has provided us with an inadequate record.  Therefore, we are unable to conduct a meaningful appellate review and reject each of father's arguments.  Accordingly, we affirm.

# I. BACKGROUND

Our ability to understand fully the factual and procedural history of this case is hampered because of the sparse record on appeal, consisting of only father's opening brief and a clerk's transcript.[1]  The clerk's transcript on appeal is meager, containing only nine documents, including father's income and expense declaration.  The record does not include a reporter's transcript or a respondent's appendix, nor was a respondent's brief filed.  We therefore summarize the factual and procedural history as best we can based on the record before us.

Father is a server at a restaurant in Sonoma, and mother is unemployed.  They were married on December 30, 2015, and have one child.  They separated on March 18, 2018, and father filed a petition for dissolution of marriage on March 11, 2020.  An attorney briefly represented father from the beginning of the proceedings in December 2020 until January 2021.  An attorney represented mother from September 2020 until April 2021, and both parties appear to have continued since without legal representation.

The Sonoma County Department of Child Support Services (DCSS) filed a motion to modify father's monthly child support payment of $0 ordered on April 1, 2021, to the guideline amount of $681 generated based on father's income and expense declaration of January 4, 2022.  The trial court modified the child support to $650 on April 19, 2022, deviating from the guideline

---

[1] Father has also filed his brief with an "Exhibit A" attached to the end of the brief, which appears to be his response to the motion for child support at issue in this case.  Father designated this document for inclusion in the record on appeal, but it appears the clerk did not include it.  Although it would not impact the resolution of the issues on appeal in this case, for future reference, father should have served and filed a notice in the superior court to request preparation, certification, and transmission of the omitted document. (Cal. Rules of Court, rule 8.155(b).)

calculation in the best interests of the child.  The trial court also ordered that father and mother share joint custody of the child and that both parties participate in coparent counseling.  Father filed a timely notice of appeal.

## II.  DISCUSSION

### A.  *Standard of Review*

Appellate courts review child support awards, including a determination whether to grant or deny a request for modification of child support, for abuse of discretion.  (*In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 529 (*Hein*).)  The abuse of discretion standard also applies to an appellate court's review of custody and visitation orders.  (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

"Generally, a trial court abuses its discretion if there is no reasonable basis on which the court could conclude its decision advanced the best interests of the child.  [Citation.]  'Under this test, we must uphold the trial court['s] "ruling if it is correct on any basis, regardless of whether such basis was actually invoked." ' "  (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299.)  "When conducting an abuse of discretion review, appellate courts consider (1) whether the trial court's factual findings are supported by substantial evidence, (2) whether the trial court followed applicable legal principles, and (3) whether the trial court reasonably exercised its discretionary authority—that is, whether any judge reasonably could have made such an order."  (*Hein, supra*, 52 Cal.App.5th at p. 529; *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1039.)  "Child support awards are highly regulated by the statewide uniform guideline ([Fam. Code,] § 4055) and, as a result, the only discretion trial courts possess is the discretion provided by statute or rule."  (*Hein*, at p. 529.)

3

### B. *Adequacy of Record*

We must first address the inadequacy of the record on appeal, because the deficiencies of this record necessarily limit the scope of our review. "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) There is an "obligation as appellant to present a complete record for appellate review, and in the absence of a required reporter's transcript and other documents, we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) "The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

It is also the appellant's burden to include in the brief a summary of all the evidence with citations to the record and argument in support of any claim of error supported by citation to legal authority. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).) These rules apply equally to litigants who choose to represent themselves, and the failure to comply with any one of them may result in the waiver of a claim of error, or a determination that the appellant has failed to meet the burden to demonstrate error on appeal. (See *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

In order to evaluate father's challenge to the lower court's orders, we require an adequate record on appeal. But as noted, father did not include a reporter's transcript; we have no information as to the oral proceedings, declarations, or documentary evidence presented by him or by mother in open

4

court.  In lieu of a reporter's transcript, father could have provided an agreed statement or a settled statement, but he did not submit any such alternative. (Cal. Rules of Court, rules 8.134 & 8.137.)  Nor does it appear any party requested, or the court prepared, a statement of decision pursuant to Code of Civil Procedure section 632, which would have provided us with the trial court's reasoning and analysis on disputed issues.  (*City and County of San Francisco v. H.H.* (2022) 76 Cal.App.5th 531, 544.)  Because there is no statement of decision, we presume the trial court made all factual findings necessary to support the order.  (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248.)

Moreover, father's brief does not provide an adequate summary of the procedural facts or of the evidence submitted by *both* parties related to the request for modification of support, and it contains numerous assertions of law and fact that are not supported by citations to authority or facts in the record.  We acknowledge that father is representing himself in this appeal and has not had the formal legal training that would be beneficial in advocating his position.  However, the rules of civil procedure apply with equal force to parties in propria persona as they do those represented by attorneys.  (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

As we will explain, these defects, combined with the presumptions in favor of the judgment, lead us to conclude that father has failed to meet his burden of demonstrating error.

First, father contends the trial court did not properly account for mother's income from all sources and, thus, erred in calculating the amount of child support owed.  Father claims that the trial court determined the child support after disregarding evidence of mother's alleged by-choice unemployment and undisclosed financial support from her parents, and

failed to question mother about her income from all sources, whether she was still enrolled in school, and how she was paying for private university schooling. Father references the hearing that took place on April 19, 2022, at which the trial court allegedly chose not to question mother. However, father fails to cite to the record to support this contention, and thus we are unable to meaningfully review this assertion. Moreover, because we do not have the transcript from the hearing or a statement of decision, there is no basis to know what happened, what evidence was presented, the reasons for the trial court's ruling, or whether the trial court abused its discretion.

Second, father argues that the trial court erred in calculating the child support and ordering coparent counseling without acknowledging his financial hardships. Father cites to exhibit A of his opening brief, his own response to DCSS's motion, in which he lists his expenses and claims a negative disposable income. As noted previously, this document appears to have been omitted from the clerk's transcript on appeal. Even if father had corrected the omission, however, and we considered his evidence, the lack of a reporter's transcript or statement of decision still prevents father from showing an abuse of discretion. In the absence of an affirmative showing to the contrary in the record, we must presume the trial court considered all of the evidence, including father's evidence, and found sufficient evidence to support the child support calculation and coparent counseling order.

Finally, father argues that the trial court violated his constitutional due process rights by entering judgment without accounting for mother's income and father's economic disadvantages. Father devotes the majority of this section of his brief to reiterating the same issues discussed earlier in his brief, and claims that those issues constitute a violation of his right to fairness and justice under the Fourteenth Amendment. This cursory

6

argument is unavailing because like the first two issues, it is unsupported by references to the record and cites authorities without demonstrating the relevance of the citations to his argument.  (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); see *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [merely setting forth general legal principles without specifically demonstrating how they establish error is insufficient to raise a cognizable issue on appeal].)  Moreover, without the transcript of the hearing, we cannot assess whether father was deprived of due process or a fair hearing.

In sum, father's claims are forfeited because he has not supported them with citations to the record or with any meaningful argument.  Further, because father has failed to provide an adequate record from which we may evaluate his claims that the trial court erred in rendering its custody and support determinations, we must resolve those claims against him.

## III.  DISPOSITION

The trial court's orders are affirmed.  The parties are to bear their own costs on appeal.[2]

---

[2] Because mother failed to file a respondent's brief, we decline to award her costs as the prevailing party.  (Cal. Rules of Court, rule 8.278(a)(5).)

7

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BOWEN, J.*

A165281
*In re Marriage of Pallais and Pallais-Parish*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8