Filed 8/25/25  Marriage of Ip and Steiner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re the Marriage of NIKA IP and MAX STEINER. | C102739 |
| NIKA IP, | (Super. Ct. No. 23FL00250) |
| Respondent, | |
| v. | |
| MAX STEINER, | |
| Appellant. | |

In this marital dissolution action, Max Steiner (husband) appeals the trial court's allocation of property between himself and his former spouse, Nika Ip (wife).  Because husband fails to meet his affirmative burden to show reversible error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Wife filed a petition for marital dissolution after six years of marriage to husband.  The parties disputed how the court should account for the following:  (1) wife's employment-based restricted stock units (stock units); (2) an investment account that

1

husband opened with his separate property (the investment account); and (3) the funding of wife's graduate education.

Both parties testified at trial, but there is no reporter's transcript of the proceedings. Husband offered four exhibits at trial. Three of those exhibits were admitted into evidence, but none appear in the record on appeal. According to the minute order: the parties stipulated that husband was entitled to a certain dollar amount of the stock units; husband failed to meet his burden of proof; wife's testimony was credible on all disputes; and "all educational expenses [were] 'a wash.' "

Wife's counsel prepared a proposed statement of decision that the trial court adopted. According to the statement, husband's testimony was "far less creditable than [wife's] testimony on all issues necessary for the statement of decision"; husband's "evidence and arguments were not persuasive"; "the parties agreed to the division of proceeds for the first and second tranche of the [stock units]"; any future stock units from wife's employer were wife's separate property because wife would earn them for "post separation work and continued employment"; the investment account consisted of commingled funds, and husband failed to meet his burden of tracing growth in the account to his separate property; and "both parties obtained graduate degrees that were paid for by either the community or separate property of the other spouse," "the other spouse and/or community received the benefits from such higher degrees," and any credits for education expenses would offset each other.

A dissolution judgment was entered on October 30, 2024.

Husband timely appeals and represents himself.[1]

_____

[1] Husband appeals from the trial court's statement of decision. We exercise our discretion to treat that statement as an appealable order because, in substance and effect, it is the final order on the division of marital property. (See *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698; *In re Marriage of Goldman* (2025) 107 Cal.App.5th 1258, 1264, fn. 6.)

DISCUSSION

A judgment or order of the lower court is presumed correct (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564), and a party challenging a judgment or order must present an adequate record for appellate review. (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) In the absence of an adequate record, including a reporter's transcript, we presume the judgment is correct. (*Ibid.*) These rules apply with equal force to parties who are representing themselves (see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247) and defeat husband's contentions.

Husband contends the trial court erred by (1) considering growth in the investment account as community property and (2) not crediting the use of his separate property military benefit to pay for wife's graduate degree. In ruling on those issues, the trial court made factual findings: specifically, the trial court found that (1) husband failed to trace the growth in the investment account to his original separate property interest; (2) both parties obtained graduate degrees and "the other spouse and/or community received the benefits" of the higher degrees; and (3) any credits to the parties for education expenses would offset each other. (See *In re Marriage of Ficke* (2013) 217 Cal.App.4th 10, 25; Fam. Code, § 2641, subd. (c)(1), (2).) We review those factual findings for sufficiency of evidence. (*In re Marriage of Honer* (2015) 236 Cal.App.4th 687, 694.) But in the absence of a reporter's transcript, the sufficiency of the evidence to support the findings is not open to review. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) This means we must presume that the evidence offered at trial contained substantial evidence supporting the trial court's tracing and education findings. (See *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576.) And even if we did have access to that evidence, we would be unable to take up husband's call to reweigh it. (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 94.)

Husband also contends the trial court erred by failing to apply the formula from *In re Marriage of Nelson* (1986) 177 Cal.App.3d 150, 222 (*Nelson*) to wife's stock units.

3

The state of the record requires us to reject this contention. As to the first and second tranches of the stock units, the trial court found that the parties stipulated to the division of proceeds. To the extent husband argues no such stipulation occurred, he bears the burden of establishing the court's error, but he cannot meet that burden without a reporter's transcript or proper substitute. (*Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5 ["it is appellant's burden to provide a reporter's transcript if 'an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court' "].) This means we must assume the trial court correctly heard and described the stipulation.

As to the future stock units, the trial court found they were wife's separate property because they "would be earned by [wife] for post separation work and continued employment." Husband contends the court should have applied *Nelson* to the stock units that were awarded to wife before the date of separation even though they had not yet vested. But because we have no record of the evidence the parties proffered at trial, we have no way of knowing how the stock units were presented to the trial court – e.g., when and why they were awarded, how much they were worth, and when they would vest. To the extent husband relies on his pretrial extra judicial communications with wife's counsel, there is no indication those communications were presented as evidence to the trial court. (See *USLIFE Savings & Loan Assn. v. National Surety Corp.* (1981) 115 Cal.App.3d 336, 343 [facts and documents not admitted into evidence are outside the scope of appellate review].) Moreover, the trial court "has broad discretion to select an equitable method of allocating community and separate property interests in stock options granted prior to the date of separation of the parties, which became exercisable after the date of separation." (*In re Marriage of Hug* (1984) 154 Cal.App.3d 780, 782 (*Hug*).) "[N]o single rule or formula is applicable to every dissolution case involving employee stock options." (*Id*. at p. 792, cited with approval in *Nelson, supra*, at p. 155.) The same principles apply to wife's stock units. In the absence of a complete record of

4

the trial proceedings, we must conclude the trial court adopted an equitable formula to divide the stock units and had substantial evidence to conclude that future tranches reflected wife's post separation work and continued employment. (*Hug, supra*, at p. 784 ["since the purposes underlying stock options differ, reference to the facts of each particular case must be made to reveal the features and implications of a particular employee stock option"].)

Finally, husband contends the trial court miscalculated the value of the investment account by double counting a cash transfer and mischaracterizing two deposits as community property. In support, he relies on arguments the parties presented in briefs to the court. But briefs are not evidence (*In re Marriage of Pasco* (2019) 42 Cal.App.5th 585, 591), and the record before us does not include the evidence that was offered at trial. Without a complete record that includes the evidence submitted by both parties, we cannot say the evidence was insufficient to support the court's calculations and property characterizations. (See *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 426.)

DISPOSITION

The judgment is affirmed. Wife is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
DUARTE, J.