Filed 5/11/26  Reedy v. McKinney CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)


| | |
|---|---|
| JUSTIN REEDY,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>KAYLA MCKINNEY,<br>        Defendant and Respondent. | C100857<br><br>(Super. Ct. No. PFL20180289)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on April 15, 2026, be modified as follows:

1.      On page 3, after the last full sentence, ending with "Argument section of his brief," in the paragraph beginning with "*Inadequate Statement of Facts and Lack of Citations to the Record*," add the following sentence:

> Even without finding forfeiture in that regard, Reedy has failed to show reversible error.

There is no change in the judgment.

Reedy's petition for rehearing is denied.

BY THE COURT:


/s/
ROBIE, Acting P. J.


/s/
BOULWARE EURIE, J.


/s/
FEINBERG, J.

Filed 4/15/26  Reedy v. McKinney CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| JUSTIN REEDY, | C100857 |
| Plaintiff and Appellant, | (Super. Ct. No. PFL20180289) |
| v. | |
| KAYLA MCKINNEY, | |
| Defendant and Respondent. | |

Justin Reedy and Kayla McKinney are the parents of a minor.  Reedy appeals from an order after a hearing pertaining to custody matters.  Finding most of his claims of error forfeited and no merit in the remaining contentions, we affirm.

BACKGROUND

We dispense with a detailed recitation of the facts because they are unnecessary to the disposition of this appeal.[1]  It suffices to say that, in the order from which Reedy

---

[1]   The record on appeal does not comport with California Rules of Court, rules 8.124(d)(1) and 8.144(2)(C), (5)(A).  The record also does not include a motion or

1

appeals, the trial court ruled, among other things: the parents maintain joint legal and physical custody with a modified custody schedule; the minor shall be addressed and identified by her given name and not her nickname until she chooses to be identified by a nickname of her choice; McKinney shall be the designator selector of the minor's school and shall be the ultimate decisionmaker if there is a disagreement between parents and they are unable to reach an agreement after meeting and conferring; the minor's selected school shall be a public school and not a private or parochial school; and reimbursement for travel is referred to the Department of Child Support Services. Any further factual background pertinent to Reedy's arguments are included in the Discussion as appropriate.

DISCUSSION

"[I]t is a fundamental principle of appellate procedure that a trial court [order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the [order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["citing cases without any discussion of their application to the present case results in forfeiture"].) The appellant must also provide an adequate record for appellate review (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039), fairly summarize all of the facts in the light most favorable to the order (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881), and tailor the arguments to the applicable standard of review (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948). The failure to meet the foregoing requirements may result in forfeiture of an appellant's arguments. We may further deem forfeited any issues in the brief that are not

request for order filed on August 26, 2022, by McKinney, which constituted the moving papers identified in the order.

2

discussed under a specific heading summarizing the point. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)

We treat a pro. per. party the same as a represented party by uniformly applying the procedural and substantive rules pertaining to appeals. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Applying these rules to this appeal, we conclude the majority of Reedy's claims of error are forfeited. We also find no merit in the remaining contentions.

*Inadequate Statement of Facts and Lack of Citations to the Record*: Reedy's statement of facts does not set forth any of the material evidence presented at trial and thus does not comply with an appellant's burden to fairly summarize the facts in the light most favorable to the order. We further disregard Reedy's many factual assertions without corresponding citations to the record in the Argument section of his brief.

*Forfeited Arguments for Absence of Asserted Error or Lack of Legal Reasoning*: Reedy identifies no purported errors in the order with associated reasoned argument and citations to legal authority as to the headings: "Joint Equal Custody Established 2019," "Review Hearing Would Have Resolved the School Issue," "No Evidence that Appellant is Not Acting as a Parent,"[2] and "Tentative Statement of Decision." (Boldface omitted.) Reedy similarly does not explain *how* the trial court erred or provide any cogent legal analysis as to any purported error in Argument III of his opening brief and associated subsections. To the extent that Reedy asserts the trial court erred in denying his request for a "move-away trial," which was a ruling on a motion in limine, Reedy does not address the trial court's stated reasons for that ruling and thus cannot demonstrate error. Further, any purported similarities and differences between this case and *In re Marriage of Burgess* (for which no citation is provided) is of no moment because Reedy fails to

---

[2]    We note Reedy's assertion that the trial court found Reedy was "not acting as a parent in the household" (italics omitted) is not supported by a citation to the record.

3

explain how such purported similarities or differences demonstrate reversible error as to the order. In the absence of asserted error and cogent legal reasoning, we deem the arguments presented under the foregoing headings forfeited and do not address them.

*Forfeited Arguments Regarding Insufficiency of the Evidence*: We also deem forfeited Reedy's arguments in Argument IV, subsections A. through C. concerning the purported lack of sufficient evidence to support the trial court's findings that, on the issue of school choice, McKinney was the parent better able to focus on the needs of the child, to acknowledge and support the child's relationship with the other parent, and to research and present information to the court. Reedy's arguments are based upon his highly selective recitation of the record and, as mentioned *ante*, Reedy did not provide an adequate statement of facts.

Reedy also does not address the trial court's *reasons* for making the foregoing findings—i.e., McKinney's testimony regarding an incident when the minor was inconsolable about the possibility of not seeing Reedy again and "the way that incident played out" (capitalization omitted), and her efforts to identify and use skills she had learned in coparenting class, counseling, and books. The trial court further found that Reedy was not the one who did the research on schools, but rather that it was the paternal grandmother who did so. Although Reedy may have participated in that effort, the paternal grandmother testified she was the one who did the research, put together the spreadsheet, and selected the schools for review.

When an appellant challenges the order appealed from for sufficiency of the evidence, the appellant must cite and discuss the evidence supporting the order and explain fully, with citations to the record, why such evidence is insufficient to support the findings. (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408; *In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) "An appellant who fails to cite and discuss the evidence supporting the [order] cannot demonstrate that such evidence is insufficient. The fact that there was substantial evidence in the record to support a contrary finding does not compel

4

the conclusion that there was no substantial evidence to support the [order]. An appellant . . . , who cites and discusses only" favorable evidence "fails to demonstrate any error and waives the contention that the evidence is insufficient to support the [order]." (*Rayii*, at p. 1408.)

*No Reversible Error Shown Regarding Denial of Request for Disability Accommodation*: Reedy argues irregularities in the proceedings warrant reversal of the order because the trial court's denial of his request for disability accommodation for trial violated California Rules of Court, rule 1.100(a)(3),[3] and his due process and equal protection rights. He further argues the denial was prejudicial because it left him without effective means to present his case. No reversible error has been shown.

The trial court denied Reedy's request because it did not meet the requirements of rule 1.100 and would change the basic nature of the court's service, program, or activity—two of the three bases for denying such requests under rule 1.100(f). It appears that Reedy mistakenly believes the trial court denied his request in finding that it did not meet the requirements of rule 1.100 "*because* it changes the basic nature of the Court's services." (Italics added.) He argues the trial court erred because rule 1.150(d) states a "judge may permit inconspicuous personal recording devices to be used by persons in a courtroom to make sound recordings as personal notes of the proceedings" (italics omitted) and thus the use of a recording device for notetaking, as he requested, does not change the basic nature of the court's services. Reedy does not, however, argue that the trial court erred in finding that his request did not meet the *requirements* of rule 1.100. He has thus failed to show reversible error.

*No Reversible Error Shown Regarding Use of the Minor's Nickname*: Reedy asserts there was no evidence supporting the trial court's ruling that the minor's legal name must be used for school purposes. He acknowledges, however, that the

---

[3] Undesignated rule references are to the California Rules of Court.

recommending custody mediator testified on this issue at trial. When asked why it was not healthy for the minor to be called by a specific nickname, the recommending custody mediator testified that, in addition to discussions she had with professionals at the minor's school, it was "not healthy for any child to be called two different names by two different parents" and confusing for a young child when "she's identifying who she is as a little individual." (Capitalization omitted.) Reedy claims the trial court sustained the hearsay objection to this testimony but he is mistaken. The testimony followed the ruling on the hearsay objection. The testimony of one witness is sufficient to support a ruling if such testimony is not inherently unreliable—something that is not being argued on appeal. (*People v. Mathews* (1962) 205 Cal.App.2d 543, 547.) "[A]n appellate court will not disturb the judgment of the trial court on the ground of the lack of sufficient supporting evidence, unless it appears from the record that 'upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' " (*Ibid*.) Reedy has not met that standard.

For the foregoing reasons, we affirm the trial court's order. We deny McKinney's request for sanctions.

## DISPOSITION

The order is affirmed. McKinney shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/
BOULWARE EURIE, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
FEINBERG, J.

6